**Robert K. Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Ashley Bannon Moore, OSB No. 113219**
ashley@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia St Ste 1850
Portland, OR 97204
Voice: (503) 459-4010
Fax: (503) 512-5022

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANGELA SCHULTZ,**<br><br>                Plaintiff,<br><br>        v.<br><br>**NW PERMANENTE P.C., an Oregon limited liability company and abn NW PERMANENTE PHYSICIANS & SURGEONS P.C.**<br><br>                Defendants. | Case No. 3:20-CV-00626<br><br>**COMPLAINT**<br><br>ORS 659A.112; ORS 659A.109; ORS 659A.183; ORS 653.641; Wrongful Discharge; 42 U.S.C. §12111, *et. seq.*; 29 U.S.C. §2601, *et. seq.*<br><br>**Demand for Jury Trial** |

Plaintiff Angela Schultz, through her counsel, makes the following complaint against

Defendant:

**COMPLAINT**

## PARTIES, JURISDICTION & VENUE

### 1.

Plaintiff Angela Schultz ("Plaintiff") is an individual who resides in Oregon.

### 2.

Defendant NW Permanente P.C. is an Oregon professional corporation that conducts regular and sustained business activity in Oregon. Defendant NW Permanente Physicians & Surgeons P.C. is an assumed business name of NW Permanente P.C. (collectively "Defendants").

### 3.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as an issue in this case arises under federal law.

### 4.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the District of Oregon.

## FACTUAL ALLEGATIONS

### 5.

Plaintiff timely filed an Equal Employment Opportunity Commission ("EEOC") charge raising the issues alleged herein. The EEOC has issued a right to sue in this court.  Plaintiff has timely filed this matter within the time limits set forth in the notice of the right to sue.  Plaintiff has therefore exhausted her administrative procedures.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

6.

Plaintiff was employed by Defendants as a Program Coordinator from May 21, 2018 until her termination on or about February 3, 2020. Prior to her termination, Plaintiff had continuously worked for Kaiser entities for nearly 17 years and had consistently been promoted throughout her career.

7.

Plaintiff was an employee in good standing who received positive feedback on her performance up until February 2019 when Complainant informed her manager, Lucy Anderson, that she needed to take medical leave in July 2019 for a foot surgery.

8.

Plaintiff requested that she take one week of medical leave to recover from her surgery and then telecommute for seven weeks. Verbally, Anderson agreed to Plaintiff's request.

9.

After Plaintiff's verbal request for leave in February 2019, Plaintiff was subjected to heightened scrutiny and criticism of her work performance from both Anderson and April Rice who was Plaintiff's "lead."

10.

On or about June 18, 2019, Plaintiff filed two separate requests for protected medical leave. One for intermittent leave under the Family Medical Leave Act ("FMLA") due to Plaintiff's depression and a second request for FMLA leave to have foot surgery which was scheduled in July 2019.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

11.

In the beginning of July 2019, Anderson and Rice, held a meeting with Plaintiff where once again they subjected Plaintiff to heightened criticism and assigned her an extensive and unreasonably burdensome list of tasks for her to complete prior to making medical leave.

12.

On July 17, 2019, Plaintiff had her foot surgery.  A week after Plaintiff's foot surgery she contacted Anderson and told her that she was ready to begin work with the accommodation that she telecommutes, since Plaintiff was unable to drive or put weight on her foot. Anderson told Plaintiff that she had spoken to Rice and they had decided Plaintiff would not be allowed to telecommute and that Plaintiff would be required to use medical leave for the remaining seven weeks.

13.

On September 3, 2019, Plaintiff returned to work and was told by Anderson and Rice that she was going to be put on a corrective action plan and that they were scheduling a meeting with human resources.

14.

On November 26, 2019, Plaintiff met with Anderson and Christy Daniels from human resources.  Plaintiff was provided with a four-page long write-up and told she had one year to improve her work or would be terminated.  Prior to requesting medical leave, Plaintiff had never received any corrective action.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

15.

In December 2019, Plaintiff's depression became more severe and under the advice of her doctor, Plaintiff requested protected medical leave from December 14, 2019 through January 24, 2020 to attend outpatient treatment.

16.

On January 21, 2020, Plaintiff's doctor completed a "Medical Inquiry Form in Response to an Accommodation Request for Complainant." In the form, Plaintiff's doctor indicated that Plaintiff's current symptoms from her mental health disability interfered with her ability to perform the essential functions of her job and recommended that Plaintiff have an additional month off as an accommodation to improve job performance.  This form was provided by Defendant on or about January 21, 2020.

17.

In response to Plaintiff's request for reasonable accommodation as set forth in the January 21, 2020 form completed by her doctor, Defendant refused to provide any such accommodation or engage in a meaningful interactive process to explore other possible reasonable accommodations.  Instead Defendant informed Plaintiff it planned to terminate her employment effective February 3, 2020.

18.

Plaintiff subsequently contacted Defendant's human resources department and questioned Defendant's letter terminating her employment instead of accommodating her leave request. Defendant's human resources representative then denied it was terminating Plaintiff and gave Plaintiff an ultimatum to either get her doctor to release her to return to work right away or

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

resign her position.  Otherwise, Defendant's human resources representative threatened, it would consider her to have abandoned her position and cut off her health benefits.

19.

On January 31, 2020, Plaintiff responded to Defendant's unreasonable ultimatum that she was not abandoning her position, but that medically she was not released to work until February 21, 2020. Plaintiff again pleaded with Defendant to allow the short additional leave in order for her to keep her job.  Defendant, however, refused to change its position.

20.

Despite Plaintiff's multiple requests for reasonable accommodation and efforts to engage Defendant in a meaningful interactive process, Defendant simply went ahead and terminated Plaintiff's employment on February 3, 2020.

### CLAIMS FOR RELIEF

### Count One
### ORS 659A.112
### Disability Discrimination

21.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

22.

ORS 659A.112(1) prohibits an employer from discharging an employee or discriminating "in compensation or in terms, conditions or privileges of employment on the basis of disability."

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

23.

At all material times, Plaintiff had a disability as defined by ORS 659A.104. Plaintiff could perform the essential functions of Plaintiff's job, with or without accommodation.

24.

Defendant violated ORS 659A.112 by, without limitation, subjecting Plaintiff to adverse employment action, including termination, based on Plaintiff's disability or Defendants' need to make accommodations.

**Count Two**
**ORS 659A.112**
**Failure to Accommodate a Disability**

25.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

26.

ORS 659A.112(2)(e) makes it unlawful for an employer to "not make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability[.]"

27.

Defendant violated ORS 659A.112 by, without limitation, failing to engage in the interactive process to determine reasonable accommodations for Plaintiff's disability and failing to make such accommodations.

**Count Three**
**ORS 659A.109**
**Retaliation for Invoking Disability-Related Rights**

28.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

29.

ORS 659A.109 prohibits discrimination against an employee who invokes the disability-related protections contained in ORS 659A.103 to ORS 659A.145, including by requesting a reasonable disability accommodation.

30.

Defendant violated ORS 659A.109 by, without limitation, subjecting Plaintiff to adverse terms and conditions of employment and/or terminating Plaintiff's employment on the basis of Plaintiff's invocation of disability-related rights, including requesting accommodation(s).

**Count Four**
**ORS 659A.183(1)**
**OFLA Leave Denial**

31.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

32.

OFLA, via ORS 659A.183(1), makes it unlawful for an employer to deny an employee protected family or medical leave, and to fail to notify an employee of their right to protected leave.

33.

OFLA protected leave includes up to 12 weeks for an employee to "recover from or seek treatment for a serious health condition[.]" ORS 659A.159(1)(c).

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

34.

Defendant violated ORS 659A.183 by, without limitation, failing to inform Plaintiff of OFLA protected leave, denying Plaintiff such leave, and/or discouraging Plaintiff from using such leave.

**Count Five**
**ORS 659A.183(2)**
**OFLA Leave Retaliation**

35.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

36.

ORS 659A.183(2) makes it unlawful for an employer to "[r]etaliate or in any way discriminate against an individual" because the individual has inquired about or submitted a request for family leave, or otherwise invoked any provision of OFLA.

37.

When an employee requests leave under OFLA, the employee is not required to mention a specific statue. *See* 29 C.F.R. § 303(b) ("When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA."); OAR 839-009-0220(2) ("Provisions of OFLA will be construed to the extent possible in a manner that is consistent with any similar provisions of [the federal Family and Medical Leave Act.]").

38.

Defendant violated ORS 659A.183(2) by, without limitation, subjecting Plaintiff to adverse employment action, including termination, based on Plaintiff's request to take medical leave.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Count Six**
**ORS 653.641(1)**
**Sick Leave Denial/Interference**

39.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

40.

At all relevant times, Plaintiff qualified for sick time under ORS 653.616.

41.

ORS 653.641 makes it unlawful for an employer to deny or interfere with protected sick time.

42.

Defendant violated ORS 653.641 by failing to provide sick leave to Plaintiff in response to her request for time off that qualified for sick leave.

**Count Seven**
**ORS 653.641(2)**
**Sick Leave Retaliation/ Discrimination**

43.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

44.

ORS 653.641(2) makes it unlawful for an employer to discriminate or retaliate against an employee for using, attempting to use, or inquiring about protected sick time.

45.

Defendant interfered with, discriminated against and/or retaliated against Plaintiff for invoking, utilizing and/or attempting to utilize protected sick time by taking adverse employment

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

action, including termination, against Plaintiff in response to her request to use qualifying sick time.

## Count Eight
### Wrongful Discharge

46.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

47.

An employer commits the tort of wrongful discharge by, among other actions, terminating an employee "for exercising a job-related right that reflects an important public policy." *Yeager v. Providence Health System*, 96 P.3d 862, 865 (Or. App. 2004) (citation omitted).

48.

At all material times, the public policy of Oregon prohibited an employer from retaliating and discriminating against Plaintiff for inquiring about or invoking the provisions of Oregon disability law, Oregon family leave, and Oregon sick time.

49.

This public policy is embodied in the common law, statutes, and regulations of the State of Oregon including, but not limited the statutes delineated in the prior counts, and the rules implementing those statutes.

50.

Defendant subjected Plaintiff to a wrongful discharge by, without limitation, terminating Plaintiff's employment on the basis of her use of one or more of the work-related rights delineated above.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## Count Nine
### 42 U.S.C. §12111, *et seq.*
### ADA – Disability/ Perceived Disability Discrimination

51.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

52.

As set forth above, at all material times, Plaintiff had a disability covered by the ADA. Despite her disability, Plaintiff could perform the essential functions of the position with or without accommodation.

53.

At all relevant times Defendant knew about Plaintiff's disability.

54.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

55.

Defendant's termination of Plaintiff was substantially motivated by her disability/perceived disability and constitutes unlawful disability discrimination in violation of the ADA.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

56.

Additionally, as a separate basis for liability, Defendant subjected Plaintiff to a hostile work environment directed at her disability/perceived disability.

57.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.  Plaintiff will continue to lose income and benefits in the future.

58.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

59.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages pursuant to 42 U.S.C. §2000e-5(k) as incorporated into the ADA by 42 U.S.C. §12117(a).

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**Count Ten**
**29 U.S.C. §2601, *et. seq.***
**FMLA Leave Denial, Interference and Retaliation**

60.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

61.

At all material times, Plaintiff had been employed by Defendant for 12 months and had

performed at least 1,250 hours of service for Defendant during the preceding 12-month period.

62.

At all material times, Plaintiff suffered from a serious health condition.

63.

Plaintiff invoked FMLA and sufficiently notified Defendant of her need for FMLA.

Plaintiff notified Defendant of circumstances sufficient to put Defendant on notice that FMLA

may apply, including notifying Defendant about her serious health condition and treatment for

the same.  Plaintiff utilized leave that was protected leave under FMLA.

64.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated

against Plaintiff for utilizing and/or attempting to utilize protected medical leave by taking

adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff.

65.

In perpetrating the above actions, Defendant violated 29 U.S.C. § 2601 *et seq.* causing

Plaintiff to suffer damages.

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

66.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.  Plaintiff will continue to lose income and benefits in the future.

67.

In perpetrating the above actions, Defendant acted willfully and/or with knowledge that its actions were in violation of FMLA or with reckless disregard of whether it was violating FMLA.  As such, Plaintiff is entitled to liquidated damages for Defendant's violation of her FMLA rights in an amount equal to the sum of Plaintiff's lost wages and benefits, plus prejudgment interest thereon pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

68.

Plaintiff is entitled to recover her costs and attorney's fees pursuant to 29 U.S.C. § 2617(a)(3).

**DEMAND FOR JURY TRIAL**

69.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

**PRAYER FOR RELIEF**

70.

WHEREFORE, Plaintiff requests the following judgments against and relief from Defendants:

(a)    Economic damages not to exceed $250,000;

(b)    Non-economic damages not to exceed $300,000;

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

(c)     Reasonable costs and attorney fees, including as authorized by ORS 659A.885 and ORS 20.107;

(d)     Punitive damages;

(e)     Equitable relief including a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this complaint;

(f)     Prejudgment and post-judgment interest as appropriate and allowed by law;

(g)     On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

(h)     All such other relief as this Court may deem proper.


DATED:        April 17, 2020                    Respectfully Submitted:

                                               MEYER STEPHENSON

                                               */s/ Ashley Bannon Moore*
                                               Robert K. Meyer, OSB No. 086470
                                               robert@oregonworkplacelaw.com
                                               Ashley Bannon Moore, OSB No. 113219
                                               ashley@oregonworkplacelaw.com

                                               *Attorneys for Plaintiff*

**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022