**Jeanne F. Loftis**, OSB #913612
E-mail:   jeanne.loftis@bullivant.com
**Alexander H. Hill**, OSB #135515
E-mail:   alexander.hill@bullivant.com
BULLIVANT HOUSER BAILEY PC
One SW Columbia Street
Suite 800
Portland, Oregon  97258
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANGELA SCHULTZ,<br><br>                Plaintiff,<br><br>   v.<br><br>NW PERMANENTE P.C., an Oregon limited liability company and abn NW PERMANENTE PHYSICIANS & SURGEONS P.C.,<br><br>                Defendants. | Civil No.: 3:20-cv-00626-IM<br><br>**DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>**Request for Oral Argument** |

**LR 7-1 CERTIFICATION**

In compliance with LR 7-1, the parties certify they have made a good faith effort through telephone conferences to resolve the dispute and have been unable to do so.

///

///

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**Page 1**

# PARTIAL MOTION TO DISMISS

Defendant NW Permanente PC, individually, and on behalf of incorrectly named NW Permanente Physicians & Surgeons P.C. (collectively "NWP"), asks the Court to dismiss Counts 6 and 7 (sick leave claims), Count 4 (denial/interference with the Oregon Family Leave Act ("OFLA")), Count 8 (Wrongful Discharge), and Count 10 (denial/interference with the Family Medical Leave Act ("FMLA")), and to dismiss the punitive damages claim under the ADA (contained in Count 9) because the allegations fail to state a claim for which relief can be granted. Defendant NW Permanente Physicians & Surgeons P.C. reserves the right to separately move for dismissal at a later time because it is not a proper party to this suit.

## I. INTRODUCTION

This is an employment dispute wherein Plaintiff Angela Schultz alleges various claims against her former employer, NWP, generally for discrimination, failure to accommodate, and retaliation. NWP denies Plaintiff's claims and now moves to dismiss five of the counts against it, as well as Plaintiff's claim for punitive damages under the Americans with Disabilities Act ("ADA") because, even assuming Plaintiff's allegations to be true, these counts fail to state a claim for which relief can be granted.

## II. POINTS AND AUTHORITIES

### 1. Standard for Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), a defendant may ask the district court to dismiss a claim or claims against the defendant when the allegations fail to state a claim upon which relief can be granted. A motion to dismiss based on a failure to state a claim "may be

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

DEFENDANTS' PARTIAL MOTION TO DISMISS
Page 2

granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief." *Miller v. Goodyear Tire & Rubber Co.*, No. 3:19-CV-01374-IM, 2020 WL 265200, at *1 (D. Or. Jan. 18, 2020) (citing *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)).

When ruling on a motion to dismiss without holding an evidentiary hearing, "the plaintiff's version of the facts, unless directly contravened, is taken as true, and the court must resolve factual conflicts in the parties' affidavits in the plaintiff's favor." *DRW-LLC*, 937 F. Supp. 2d at 1312 (citing *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003)). "To be entitled to a presumption of truth, allegations in a complaint 'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effective.'" *Miller*, 2020 WL 265200, at *1 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). However, the district court does not need to "credit the plaintiff's legal conclusions that are couched as factual allegations." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937 (2009)).

### 2. Counts 6 and 7 – Oregon Sick Leave Act

Plaintiff alleges two claims under the Oregon Sick Leave Act ("OSLA"): sick leave denial/interference (Count 6) and sick leave retaliation/discrimination (Count 7). These claims fail on the face of the allegations because the allegations concede that she did not have, and could not have, accrued sick time, which is the first element she must show to maintain either of these claims.

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**Page 3**

Under OSLA, employers are prohibited from denying, interfering with, or otherwise discriminating or retaliating against an employee in connection with requests or inquiries about sick time. *See*, ORS 653.641(1) and (2). OSLA provides that employees' sick time will "accrue at least one hour of paid sick time for every 30 hours the employee works or 1-1/3 hours for every 40 ours the employee works," up to 40 hours per year. ORS 653.606(1)(a). Only sick time accrued under OSLA can give rise to a cause of action under the OSLA. *Carter v. Fred Meyer Jewelers, Inc.*, No. 3:16-CV-00883-YY, 2019 WL 2744190, at *9 (D. Or. Apr. 10, 2019) *report and recommendation adopted*, 3:16-CV00883-YY, 2019 WL 3206831 (D. Or. July 16, 2019) (holding that employee who had not worked minimum amount of time and had not accrued sick time could not maintain claims under OSLA).

Here, assuming the allegations of Plaintiff's Complaint to be true, there are no allegations that Plaintiff accrued sick time in 2020 to give rise to her claims. Her allegations concede that she did not work in the 2020 calendar year and therefore she could not have accrued sick time. Because she did not accrue any sick time, she cannot maintain claims under OSLA. There are no allegations that Plaintiff had carry-over sick time from the prior year (because she did not), and therefore the Complaint fails to state a claim under OSLA that Plaintiff can recover for. These two claims should be dismissed with prejudice.

### 3.  Count 8 – Wrongful Termination

Plaintiff asserts a claim for common law wrongful discharge in response to her termination that she alleges is related to her OFLA leave and sick time leave. This claim

///

Bullivant|Houser|Bailey PC

One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**Page 4**

fails because the Oregon legislature has enacted statutes which provide adequate relief for these claims, thereby prohibiting the common law claim.

Wrongful discharge is a common law tort that can only be maintained where a violation of public policy is not otherwise addressed by a statutory remedy. *Dunwoody v. Handskill Corp.*, 185 Or. App. 605, 613, 60 P.3d 1135 (2003). In other words, if a wrongful discharge claim is based upon the same operative facts under which the plaintiff may receive an adequate remedy under a statutory claim, the wrongful discharge claim cannot survive. *See*, *Lawrence v. Louis & Co.*, No. CIV. 05-1651-AA, 2006 WL 278194, at *1 (D. Or. Feb. 1, 2006) (finding that the plaintiff's wrongful discharge claim was based on the same operative facts that "form the basis of all of plaintiff's claims, and plaintiff concedes that § 1981 provides an adequate remedy. Therefore, plaintiff's wrongful discharge claim is not permitted.") (citing *Hadley v. Wal-Mart*, 2001 WL 34039486, *14 (D. Or. Nov. 19, 2001)).

Here, Plaintiff premises her wrongful discharge claim on alleged retaliation related to the OFLA. Her Complaint relies on *Yeager v. Providence Health Systems*, 195 Or. App. 134, 96 P.3d 862 (2004) for the premise that she can maintain a wrongful discharge claim "for exercising a job-related right that reflects an important public policy." Complaint at ¶ 47. The *Yeager* case allowed a wrongful discharge claim because OFLA did not include any statutory remedy for a retaliatory termination. *See*, *Yeager*, 195 Or. App. at 137, 96 P.3d at 864 (stating, in part, "[f]irst, OFLA does not provide a remedy for a retaliatory termination, and second, plaintiff had not been employed long enough to qualify for such leave").

///

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**Page 5**

But Plaintiff's claim fails because since *Yeager*, the Oregon legislature enacted ORS 659A.183 – a statute that expressly allows for recovery under an OFLA retaliatory termination claim. *See*, ORS 659A.183. Indeed, here Plaintiff alleges a separate claim under that very same statute and based on the same operative facts. Because the Oregon legislature has enacted statutes that would provide Plaintiff an adequate remedy, Plaintiff is prevented from maintaining the wrongful discharge claim, and the Court should dismiss this claim with prejudice.

4. **Counts 4 and 10 – OFLA and FMLA Interference/Denial**

Plaintiff's claims related to interference and/or denial of OFLA and FMLA fail because, assuming her allegations to be true, her 12 protected weeks were exhausted well before she was terminated, and therefore she cannot maintain claims for interference or denial.

Oregon's state and district courts construe claims under the OFLA and its federal equivalent, the FMLA, under the same standards. *Kelly v. Boeing Co.*, 400 F. Supp. 3d 1093, 1110-11 (D. Or. 2019). Under both the FMLA and OFLA, employees are entitled to 12 workweeks of leave during any 12-month period when "a serious health condition … makes the employee unable to perform the functions of the position of such employee." *Id.*, 400 F. Supp. 3d at 1111 (quoting 29 U.S.C. § 2512(a)(1)(D)). Among its options for calculating the 12-month period, employers may use a "rolling" 12-month period "measured backward from the date an employee uses any FMLA leave." 29 C.F.R. §825.200(b)(4).

///

///

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**Page 6**

To establish an interference or wrongful denial claim under the protected leave acts, the employee must show that:

> (1) [s]he was eligible for the FMLA's protections, (2) h[er] employer was covered by the FMLA, (3) [s]he was entitled to leave under the FMLA, (4) [s]he provided sufficient notice of h[er] intent to take leave, and (5) h[er] employer denied h[er] FMLA benefits to which [s]he was entitled.

*Law v. Kinross Gold U.S.A., Inc.*, 651 F. App'x 645, 647 (9th Cir. 2016) (quoting *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011)).

If an employee is not eligible for FMLA or OFLA benefits, they cannot maintain a claim for denial or interference of protected leave as a matter of law. *See*, *Id.* (finding employee was not eligible for protected leave and therefore claim for denial of leave could not be maintained). "An employee that has used the entirety of her FMLA leave is not eligible for FMLA leave until the start of the next 'leave year.'" *Webb v. Intel Corp.*, No. 3:17-CV-01089-SI, 2018 WL 1547354, at *2 (D. Or. Mar. 29, 2018) (quoting 29 C.F.R. 825.200); *see also*, *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 112, 1120 (9th Cir. 2001) (explaining that FMLA provides 12 weeks of leave per "leave year," which is a 12-month period calculated by the employer).

Here, the face of the Complaint concedes that Plaintiff exhausted her 12 weeks of protected leave before she was terminated. Plaintiff alleges she took leave from July 17, 2019 to September 3, 2019 (48 days) and again from December 14, 2019 to January 24, 2019 (41 days). Assuming the allegations as true and excluding other evidence, these two alleged leaves amount to 89 days within one "rolling year" and are 12 more days than provided for

///

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**Page 7**

under the FMLA and OFLA. Therefore, Plaintiff concedes that she exhausted her leave before she requested additional personal leave and before she was terminated.

Because she exhausted her FMLA and OFLA leave before she was terminated and before she returned to work, Plaintiff's claims for interference and denial of leave under FMLA and OFLA fail because she was no longer eligible for those benefits. The Court should therefore dismiss these claims for interference and/or denial of the two leaves with prejudice.

### 5. Punitive Damages under the ADA – within Count 9

Plaintiff alleges punitive damages only in connection with her ADA disability discrimination claim (Count 9). *See*, Complaint at ¶ 59 (alleging "Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages pursuant to 42 U.S.C. §2000e-5(k) as incorporated into the ADA by 42 U.S.C §12117(a)").

Under the ADA, a plaintiff may seek punitive damages if the plaintiff can show that the defendant has "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Reaves v. Nexstar Broad., Inc.*, 327 F. Supp. 3d 1352, 1376 (D. Or. 2018) (quoting 42 U.S.C. § 1981a(B)(1)). The terms "'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination…" *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535-36, 119 S. Ct. 2118 (1999).

///

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

DEFENDANTS' PARTIAL MOTION TO DISMISS
Page 8

Here, although Plaintiff generically alleges that NWP's conduct was "willful, malicious and/or done with reckless indifference" to her federally protected rights, the Complaint otherwise lacks specific factual allegations that NWP engaged in a discriminatory practice or practices related to a disability. Rather, as mentioned above, Plaintiff's allegations focus on NWP's alleged discrimination against her because she allegedly requested and took medical leaves. The leap to infer that the alleged discrimination was related to her disability because her leaves were related to an alleged disability is too far.

Further, there are little to no factual allegations in the Complaint that lend to an inference that NWP allegedly knew its actions were in violation of federal law. The generic allegation that the conduct was "willful, malicious and/or done with reckless indifference" is too broad and fails to provide NWP with proper notice of Plaintiff's theory to defend against her punitive damages claim. Indeed, Plaintiff's Complaint does not even identify what disability she has or when, if ever, she allegedly disclosed such a disability to NWP. As such, the Court should dismiss Plaintiff's claim for punitive damages as related to the ADA claim with prejudice.

### III. CONCLUSION

Although much of Plaintiff's Complaint likely survives this stage, several claims nonetheless fail to state a cognizable legal theory that can be maintained in this action because Plaintiff's allegations, assumed as true, defeat some of her own claims.

Plaintiff's claims under OSLA fail because her allegations concede that she did not have accrued sick time, a condition precedent to pursuing such claims. Similarly, her claims for interference and/or denial of OFLA and FMLA fail because her allegations concede that

Bullivant|Houser|Bailey PC

One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

DEFENDANTS' PARTIAL MOTION TO DISMISS
Page 9

she had exhausted all her protected leave time, again failing to establish the first element of eligibility to continue with those claims. Plaintiff's wrongful discharge claim fails because there are adequate statutory remedies available to her, thereby prohibiting the common law claim. Finally, Plaintiff's claim for punitive damages under the ADA fails because her Complaint fails to allege facts that she was discriminated against because of her alleged disability and instead the Complaint focuses on alleged discrimination and retaliation related to medical leaves.

For these reasons, the Court should dismiss Counts 6 and 7 (OSLA claims), Count 8 (Wrongful Discharge), Counts 4 and 10 (interference/denial of OFLA and FMLA), and Plaintiff's punitive damage claim under Count 9 (ADA discrimination) with prejudice.

DATED: May 15, 2020

BULLIVANT HOUSER BAILEY PC


By /s/ *Jeanne F. Loftis*
**Jeanne F. Loftis, OSB #913612**
**Alexander H. Hill, OSB #135515**
Telephone: 503.228.6351
Attorneys for Defendants

4822-5929-6443.1 29366/00055

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**Page 10**