**Robert K. Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Ashley Bannon Moore, OSB No. 113219**
ashley@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia St Ste 1850
Portland, OR 97204
Voice: (503) 459-4010
Fax: (503) 512-5022

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANGELA SCHULTZ,**<br><br>Plaintiff,<br>v.<br><br>**NW PERMANENTE P.C., an Oregon limited liability company and abn NW Permanente Physicians & Surgeons P.C.**<br><br>Defendants. | Case No. 3:20-cv-00626-IM<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT NW PERMANENTE P.C.'S PARTIAL MOTION TO DISMISS** |

# LOCAL RULE 7-1 CERTIFICATION

In compliance with Local Rule 7-1(a), Plaintiff hereby certifies that her counsel has conferred in good faith with defense counsel in an effort to resolve the issues raised by any motion made below, but the parties have been unable to resolve the issues.

# PLAINTIFF'S RESPONSE TO DEFENDANT NW PERMANENTE P.C.'S PARTIAL MOTION TO DISMISS

On May 15, 2020, Defendant[1] filed a partial motion to dismiss Plaintiff Angela Schultz's Fourth Claim for Relief under ORS 659A.183(1), Sixth Claim for Relief under ORS 653.641(1), Seventh Claim for Relief under ORS 653.641(2), Eighth Claim for Relief for common law Wrongful Discharge, Tenth Claim for Relief under 29 U.S.C. §2601, *et. seq.*, and to dismiss the punitive damages claim under Plaintiff's Ninth Claim for Relief under 42 U.S.C. §12111, *et. seq*. Defendant's motion to dismiss should be denied in its entirety for the reasons that follow.

## I. INTRODUCTION

Plaintiff's employment discrimination case arises from her termination that followed shortly after she utilized protected sick leave and medical leave and requested disability accommodation.

First, Defendant moves to dismiss Plaintiff's claims for medical leave and sick leave interference on the basis that Plaintiff had exhausted her leave at the time of her termination. Defendant's factual premise for this motion is inaccurate as the allegations do not say Plaintiff had exhausted her leave. Defendant's legal argument contradicts the black letter law of the Ninth Circuit that says an interference claim exists where an employee's leave is a "negative factor" in the employment decision (termination) regardless of whether the employee had leave available at the time of the decision. Therefore, there is no basis to dismiss these claims.

---

[1] Plaintiff's lawsuit is against one defendant: NW Permanente P.C. Along with correctly naming that entity in the pleading, Plaintiff lists that company's assumed business name, NW Permanente Physicians & Surgeons P.C. For clarity's sake throughout this motion, Plaintiff refers to Defendant and not "Defendants."

Second, Defendant moves to dismiss Plaintiff's claim for wrongful discharge in violation of the public policy of the Oregon Family Leave Act (OFLA) and the Oregon Sick Leave statutes on the basis that there is an adequate statutory remedy. Defendant fails to apply or even address the Oregon Supreme Court's test to determine adequacy of the statutory remedy, a test routinely followed by this District as well as the state courts for more than two decades. Under that test, as discussed below, the wrongful discharge claim should be allowed to go forward as neither OFLA nor Oregon Sick Leave statutory claims allow for punitive or non-economic damages, and, therefore are not adequate statutory remedies. Therefore, Defendant's argument has zero merit and runs counter to the black letter law.

Finally, Defendant alleges that Plaintiff has not plead a basis for punitive damages under her disability discrimination claims. However, Plaintiff's allegations if proven would provide a strong basis for punitive damages.

Consequently, Defendant's entire motion is without merit and should be denied.

## II. FACTUAL SUMMARY

Plaintiff was employed by Defendant as a Program Coordinator from May 21, 2018 until her termination on or about February 3, 2020. Complaint ¶6. Prior to her termination, Plaintiff had continuously worked for Kaiser entities for nearly 17 years and had consistently been promoted throughout her career. *Id*.

Plaintiff was an employee in good standing who received positive feedback on her performance up until February 2019 when Complainant informed her manager, Lucy Anderson, that she needed to take medical leave in July 2019 for a foot surgery. Complaint ¶7.

Page 3

PLAINTIFF'S RESPONSE TO DEFENDANT
NW PERMANENTE P.C.'S PARTIAL
MOTION TO DISMISS

MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

Plaintiff requested that she take one week of medical leave to recover from her surgery and then telecommute for seven weeks. Verbally, Anderson agreed to Plaintiff's request.

After Plaintiff's verbal request for leave in February 2019, Plaintiff was subjected to heightened scrutiny and criticism of her work performance from both Anderson and April Rice who was Plaintiff's "lead." Complaint ¶8.

On or about June 18, 2019, Plaintiff filed two separate requests for protected medical leave. One for intermittent leave under the Family Medical Leave Act ("FMLA") due to Plaintiff's depression and a second request for FMLA leave to have foot surgery which was scheduled in July 2019. Complaint ¶9.

In the beginning of July 2019, Anderson and Rice, held a meeting with Plaintiff where once again they subjected Plaintiff to heightened criticism and assigned her an extensive and unreasonably burdensome list of tasks for her to complete prior to making medical leave. Complaint ¶10.

On July 17, 2019, Plaintiff had her foot surgery. A week after Plaintiff's foot surgery she contacted Anderson and told her that she was ready to begin work with the accommodation that she telecommutes, since Plaintiff was unable to drive or put weight on her foot. Complaint ¶11. Anderson told Plaintiff that she had spoken to Rice and they had decided Plaintiff would not be allowed to telecommute and that Plaintiff would be required to use medical leave for the remaining seven weeks. *Id.*

On September 3, 2019, Plaintiff returned to work and was told by Anderson and Rice that she was going to be put on a corrective action plan and that they were scheduling a meeting with human resources. Complaint ¶12.

On November 26, 2019, Plaintiff met with Anderson and Christy Daniels from human resources. Complaint ¶13. Plaintiff was provided with a four-page long write-up and told she had one year to improve her work or would be terminated. *Id.* Prior to requesting medical leave, Plaintiff had never received any corrective action. *Id.*

In December 2019, Plaintiff's depression became more severe and under the advice of her doctor, Plaintiff requested protected medical leave from December 14, 2019 through January 24, 2020 to attend outpatient treatment. Complaint ¶14.

On January 21, 2020, Plaintiff's doctor completed a "Medical Inquiry Form in Response to an Accommodation Request for Complainant." Complaint ¶15. In the form, Plaintiff's doctor indicated that Plaintiff's current symptoms from her mental health disability interfered with her ability to perform the essential functions of her job and recommended that Plaintiff have an additional month off as an accommodation to improve job performance. *Id.* This form was provided by Defendant on or about January 21, 2020. *Id.*

In response to Plaintiff's request for reasonable accommodation as set forth in the January 21, 2020 form completed by her doctor, Defendant refused to provide any such accommodation or engage in a meaningful interactive process to explore other possible reasonable accommodations. Complaint ¶16. Instead Defendant informed Plaintiff it planned to terminate her employment effective February 3, 2020. *Id.*

Plaintiff subsequently contacted Defendant's human resources department and questioned Defendant's letter terminating her employment instead of accommodating her leave request. Complaint ¶17. Defendant's human resources representative then denied it was terminating Plaintiff and gave Plaintiff an ultimatum to either get her doctor to release her to return to work

**PLAINTIFF'S RESPONSE TO DEFENDANT NW PERMANENTE P.C.'S PARTIAL MOTION TO DISMISS**

right away or resign her position.  Otherwise, Defendant's human resources representative threatened, it would consider her to have abandoned her position and cut off her health benefits. *Id*.

On January 31, 2020, Plaintiff responded to Defendant's unreasonable ultimatum that she was not abandoning her position, but that medically she was not released to work until February 21, 2020.  Complaint ¶18.   Plaintiff again pleaded with Defendant to allow the short additional leave in order for her to keep her job.  Defendant, however, refused to change its position.  *Id*.

Despite Plaintiff's multiple requests for reasonable accommodation and efforts to engage Defendant in a meaningful interactive process, Defendant simply went ahead and terminated Plaintiff's employment on February 3, 2020. Complaint ¶19.

### III.    ARGUMENT

To survive a motion to dismiss under Fed. R. Civ P. 12(b)(6), a plaintiff "must provide 'a short and plain statement of the claim showing the pleader is entitled to relief' which 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Disability Rights Montana, Inc. v. Batista*, 930 F.3d 1090, 1096 (9th Cir. 2019) (citation omitted).  The court must "take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Id.* at 1097 (citation omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint,

PLAINTIFF'S RESPONSE TO DEFENDANT
NW PERMANENTE P.C.'S PARTIAL
MOTION TO DISMISS

MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

> **A. As Plaintiff has adequately plead facts to support her claim for Oregon Sick Leave retaliation and interference, Defendant's motions to dismiss claims 6 and 7 fail.**

Defendant claims Plaintiff has failed to state a sufficient claim for Oregon Sick Leave interference, retaliation, and denial based on Plaintiff not having accrued sick leave at the time of her termination.

First off, retaliation and interference with Oregon Sick Leave does not require the employee to currently have sick leave available. Rather, it is an unlawful employment practice to, "Retaliate or in any way discriminate against an employee with respect to any term or condition of employment because the employee has inquired about the provisions of ORS 653.601 to 653.661, submitted a request for sick time, taken sick time, participated in any manner in an investigation, proceeding or hearing related to ORS 653.601 to 653.661, or invoked any provision of ORS 653.601 to 653.661." ORS 653.641(2). This makes sense as to require the employer to currently have sick leave at the time of termination would lead to the absurd result where employers could fire employees right after they finished using sick leave, or even for asking about sick leave, thus potentially chilling employees' right to use the sick leave in the first place. As such, Plaintiff's Complaint does not fail to state claims for OSLA denial/ interference or OSLA retaliation.

Second, the Complaint does allege Plaintiff qualified for sick time. Complaint ¶40. Plaintiff's allegations as plead also establish that she had worked at the company for years. Complaint 6 & 7. As it is the employer's discretion as to when the sick leave year starts and

**PLAINTIFF'S RESPONSE TO DEFENDANT NW PERMANENTE P.C.'S PARTIAL MOTION TO DISMISS**

MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

whether to allow sick leave to carry over, Plaintiff could have sick leave available as of the beginning of the new year depending on the facts not yet known by Plaintiff and anticipated to be learned during discovery later on in this case.

Despite Plaintiff's factual allegations that sufficiently state sick leave accrual, Defendant argues that Plaintiff's Complaint "concedes" that Plaintiff "did not have, and could not have, accrued sick time…" Def. Motion to Dismiss ("MTD") 3. Defendants' accrual argument ignores the allegations in the pleadings and is based on a factual assumption outside the four corners of the complaint that Plaintiff had to work in January in order to have available Oregon Sick Leave.

Additionally, Defendant asserts assumed facts not in the Complaint by arguing that employees "accrue at least one hour of paid sick time for every 30 hours the employee works or 1 1/3 hours for every 40 hours the employee works." ORS 653.606(1).

Although sick time may be accrued based on the hours that an employee works, that is not the only way an employer may calculate sick time and the beginning of the calendar year does not necessarily take away all prior accrued sick leave. Employers may also "front-load" sick time which means "to assign and make available a certain number of hours of sick time to an employee as soon as the employee becomes eligible to use sick time and on the first day of the immediately subsequent year without regard to an accrual rate." ORS 653.601(5)(a).

Plaintiff's Complaint does not allege how Defendant calculated Plaintiff's sick time. The question of whether Plaintiff had accrued sick leave under the OSLA is a question of fact that is more appropriately raised in a motion for summary judgment after discovery is completed. Because the facts must be read in the light most favorable to Plaintiff, it is plausible that she accrued sick time depending on how the Defendant treated sick leave accrual, such as if

**PLAINTIFF'S RESPONSE TO DEFENDANT NW PERMANENTE P.C.'S PARTIAL MOTION TO DISMISS**

Defendant utilized the frontloading approach, and therefore states a claim for relief. Defendants' argument relies on a factual allegation not contained in Plaintiff's Complaint, Defendants' motions to dismiss counts six and seven should be denied.

**B. Defendant's motion to dismiss Plaintiff's wrongful discharge claim should be denied because the claim is not abrogated by an adequate statutory remedy.**

Defendant argues that Plaintiff's eighth claim for wrongful discharge must be dismissed because Plaintiff has an adequate statutory remedy under her OFLA and Oregon Sick Leave claims. Defendant's argument ignores the black letter law. Under *Holien v. Sears, Roebuck & Co.*, Plaintiff's wrongful discharge claim should go forward because Plaintiff's OFLA and Oregon Sick Leave statutory remedies are inadequate as they do not provide for non-economic damages or punitive damages. 298 Or. 76, 97 (1984).

In *Holien,* the Oregon Supreme Court held that a plaintiff in Oregon who claims damages for emotional distress related to their termination does not have adequate statutory remedies available unless the statute in question allows for noneconomic damages. *Id.* Adequate statutory remedies should "capture the personal nature of the injury done to a wrongfully discharged employe[e] as an individual" and "appreciate the relevant dimensions of the problem." *Id*. Furthermore, a wrongful discharge claim, is generally not abrogated when the statutory remedies are insufficient to provide the plaintiff with the full range of relief that would be available under the common law tort. *Id.*

The Oregon District Court has consistently followed *Holien*'s approach in allowing a common law wrongful discharge claim based on a violation of FMLA/OFLA to proceed because those statutes did not provide adequate statutory remedies. See e.g. *Daoud v. Avamere Staffing*,

**PLAINTIFF'S RESPONSE TO DEFENDANT
NW PERMANENTE P.C.'S PARTIAL
MOTION TO DISMISS**

MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

LLC, 336 F.Supp.2d 1129, 1140 (D. Or. 2004) and *Washington v. Fort James Operating Co.*, 110 F.Supp.2d 1325, 1334 (D.Or.2000).

In *Daud*, Defendant moved for summary judgment on Plaintiff's wrongful discharge claim based on violations of FMLA and OFLA on claiming those statutes provided an adequate statutory remedy. *Id.* at *1140*. Judge Mosman squarely rejected this argument and held that FMLA and OFLA did not provide an adequate statutory remedy: "as just one example of the possible inadequacy of the statutory remedies, the court notes that plaintiff cannot recover non-economic or emotional-distress damages under FMLA." *Id*. The court went on to explain that, "the fact an employment statute specifically delineates available remedies, such as back pay, will not itself preclude recognition of a wrongful-discharge claim and thus recovery of traditional tort damages." *Id*. citing to *Holien*, 298 Or. at 91, 97, 689 P.2d 1292.

Under Oregon law an employee may bring a claim for wrongful discharge "when the discharge is for exercising a job-related right that reflects an important public policy." *Yeager v. Providence Health Sys. Oregon, supra*, 195 Or. App. at 140 (2004). In *Yeager*, the court held that "a complaint that includes an allegation that the plaintiff was discharged in retaliation for invoking her rights under OFLA states a claim for common-law wrongful discharge." *Id*. at 142-43.

Defendant argues that Plaintiff's wrongful discharge claim fails because since *Yeager*, the Oregon legislature enacted ORS 659A.183 – a statute that expressly allows for recovery under an OFLA retaliatory termination claim. However, the essential question is not whether the statute allows for recovery, but whether the statute provides an *adequate* statutory remedy. As already decided in multiple opinions from judges in this district, OFLA and FMLA do not provide an

Page 10

**PLAINTIFF'S RESPONSE TO DEFENDANT NW PERMANENTE P.C.'S PARTIAL MOTION TO DISMISS**

MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

adequate statutory remedy. Based on the logic of those opinions, the Oregon Sick Leave statute also does not provide an adequate statutory remedy either.

ORS 659A.885 sets forth the remedies available for various unlawful employment practices. ORS 659A.885 divides these employment practices into two subsections. Claims that fall within ORS 659A.885(2) allow plaintiffs who prevail to recover, injunctive relief, back pay for a period of two years and costs and attorney fees. Claims that fall within ORS 659A.885(3) allow plaintiffs to recover additional relief, which includes the same relief authorized for claims in ORS 659A.885(2) *and* compensatory and punitive damages, as well as a right to a jury trial.

Plaintiff's wrongful discharge claim relies on her assertion of rights under OFLA and Oregon Sick Leave. Both claims fall within ORS 659.885(2), which does not allow for compensatory or punitive damages. *See* ORS 659A.885(2)(authorizing action for backpay and other economic damages as well as attorney fees for violations of ORS 653.601 to 653.661 (capturing OSTL) and of ORS 659A.150 to 659A.186 (capturing Oregon Sick Leave), but excluding such claims from the additional relief of compensatory and punitive damages found in ORS 659A.885(3)).

Clearly, this Court has recognized the distinction between the limited statutory remedies available for claims that are provided a remedy under ORS 659A.885(2) and the more expansive list of remedies for claims that fall under ORS 659A.885(3). Since Plaintiff's wrongful discharge claim is based on FMLA, OFLA and Oregon Sick Leave violations and because those claims fall under ORS 659A.885(2) there is no adequate statutory remedy. Defendant's motion to dismiss should be denied.

Page 11

PLAINTIFF'S RESPONSE TO DEFENDANT
NW PERMANENTE P.C.'S PARTIAL
MOTION TO DISMISS

MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

### C. Defendant's Motions to Dismiss Plaintiff's OLFA and FMLA interference claims (Counts 4 and 10) should be denied

Defendant claims that Plaintiff's Complaint "concedes" that Plaintiff was not entitled to protective leave under OFLA/FMLA, and that this precludes her interference claims. Defendant is incorrect as to the factual allegations and the law.

Defendant's motions to dismiss Plaintiff's interference claims must be denied because: (1) it is based upon factual assumptions outside the four corners of Plaintiff's Complaint and (2) seeks to have the court interpret the factual allegations in the light *least* favorable to Plaintiff, and (3) Defendant incorrectly argues that Plaintiff cannot bring a claim for interference if she has exhausted her protective leave.

### 1. Defendant's motion assumes facts outside the four corners of Plaintiff's Complaint

Oregon's state and district courts construe claims under the OFLA and its federal equivalent, the FMLA, under the same standards. *Kelly v. Boeing Co.*, 400 F. Supp. 3d 1093, 1110-11 (D. Or. 2019). Under FMLA an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period. 29 U.S.C. §2612(a)(1). Under 29 C.F.R. § 825.200(b), an employer may "choose any one of the following methods for determining the 12–month period in which the [employee's] 12 weeks of leave entitlement" is calculated:

> (1) The calendar year;
> (2) Any fixed 12–month leave year, such as a fiscal year, a year required by State law, or a year starting on an employee's anniversary date;
> (3) The 12–month period measured forward from the date any employee's first FMLA leave under paragraph (a) begins; or,
> (4) A "rolling" 12–month period measured backward from the date an employee uses any FMLA leave as described in paragraph (a).

PLAINTIFF'S RESPONSE TO DEFENDANT
NW PERMANENTE P.C.'S PARTIAL
MOTION TO DISMISS

MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

29 C.F.R. § 825.200(b)(1)- (4). An employer may "choose any one of the alternatives ... provided the alternative chosen is applied consistently and uniformly to all employees." 29 C.F.R. § 825.200(d)(1). *See also Canupp v. Children's Receiving Home of Sacramento*, 181 F.Supp.3d 767, 784–86 (E.D. Cal. 2016) (holding that the calculation of the leave year and plaintiff's remaining leave posed a material question of fact unfit for summary judgment).

Plaintiff's Complaint alleges that she took leave from July 17, 2019 to September 3, 2019 and again from December 14, 2019 to January 24, 2020. Complaint ¶12-13 and 15. Defendant argues that these allegations "concede" that Plaintiff was not eligible for protected leave because collectively the two leaves exceed the 12 weeks of protective leave provided for under OFLA/FMLA. Defendant's argument is entirely based on the assumed fact, that Defendant calculated its "leave year" on a "rolling" basis.

However, for example, if Defendant calculated its "leave year" by using the calendar year then Plaintiff would not have exhausted her leave entitlement. Plaintiff's Complaint does not allege how a "leave year" is calculated, nor is Plaintiff required to plead such specifics at this stage, especially since no discovery has been exchanged. "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Since there are no allegations in Plaintiff's Complaint alleging that Defendant consistently and uniformly calculated a "leave year" on a "rolling" basis, the Court must interpret the facts in the light most favorable to Plaintiff. Because Defendant could

**PLAINTIFF'S RESPONSE TO DEFENDANT NW PERMANENTE P.C.'S PARTIAL MOTION TO DISMISS**

calculate its "leave year" in such a way that Plaintiff would not have exhausted her leave entitlement, Defendant's motions to dismiss must be denied.

2. **Defendant is incorrect that Plaintiff cannot bring a claim for interference if she has exhausted her protective leave.**

Even if Plaintiff's allegations conceded that she had exhausted her protective leave (they do not), that does not preclude Plaintiff from bringing a claim for interference under OFLA and FMLA.

> FMLA provides it "shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [FMLA]." 29 U.S.C. § 2615(a)(1). When a plaintiff alleges retaliation for exercising his rights under FMLA, the Ninth Circuit has held such a claim is properly analyzed as an interference claim pursuant to 29 U.S.C. § 2615(a)(1). *See Liu v. Amway Corp.*, 347 F.3d 1125, 1135 (9th Cir.2003)("[T]he statutory and regulatory language of FMLA makes clear that where an employee is subjected to negative consequences simply because he has used FMLA leave, the employer has interfered with the employee's FMLA leave rights" under § 2615(a)(1).).

*McCauley v. ASML US, Inc.*, 917 F. Supp. 2d 1143, 1152 (D. Or. 2013). To establish an actionable interference claim, a plaintiff must only show that her use or attempted use of protected leave was a "negative factor" in the decision to take adverse action against her. 29 U.S.C.§§2615(a)(1) & *Bachelder v. Am. W. Airlines, Inc*., 259 F.3d 1112, 1122 (9th Cir. 2001).

Here, Plaintiff alleges that she was subjected to a "negative consequence" (termination) because she took protected leave under OFLA/FMLA. When an employee is terminated as a result of taking protected leave that claim is appropriately characterized as a claim for interference.

Page 14   PLAINTIFF'S RESPONSE TO DEFENDANT
NW PERMANENTE P.C.'S PARTIAL
MOTION TO DISMISS

MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

Defendant argues "If an employee is not eligible for FMLA or OFLA benefits they cannot maintain a claim for denial or interference of protected leave as a matter of law." Def. MTD 7. Defendant relies on *Law v. Kinross Gold U.S.A., Inc.,* 651 F.App'x 645, 647 (9th Cir. 2016), to support their argument. The facts in *Law*, are highly distinguishable from the facts at issue here.

In *Law*, the plaintiff was hospitalized and the defendant requested additional information to aid in its determination of whether the plaintiff was entitled to FMLA leave. The plaintiff admitted that he received the request, but failed to respond. The *Law* court held that the plaintiff was not entitled to FMLA protection because (1) he was aware of the potential consequences for failing to respond to defendant's request, (2) he failed to respond and (3) defendant was unable to determine plaintiff's entitlement to FMLA leave. *Id*. at 647-648.

*Law* is in no way analogous to the facts at issue here. In *Law* the court held that plaintiff was *never entitled* to FMLA protection. Here, Defendant argues that Plaintiff exhausted her OFLA/FMLA leave and therefore was *no longer entitled* to FMLA protection. Here, Plaintiff "utilized leave that was protected under FMLA." Complaint ¶63. More important, the plaintiff's claim in *Law* was premised on the fact that he was denied leave to which he was entitled. But as noted above, that is not the only way a plaintiff can advance an interference claim. Retaliation for taking such leave is also a form of interference. *Law* is distinguishable and does not require dismissal of Plaintiff's claims. Defendant's motion to dismiss should be denied.

///

///

**PLAINTIFF'S RESPONSE TO DEFENDANT NW PERMANENTE P.C.'S PARTIAL MOTION TO DISMISS**

**MEYER STEPHENSON**
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

### D. Defendant's Motion to Dismiss Plaintiff's Claim for Punitive Damage Under The ADA Should Be Denied

Defendant argues that Plaintiff has failed to sufficiently plead her claim for punitive damages under the ADA, because she has alleged a "generic allegation that…is too broad and fails to provide NWP with proper notice of Plaintiff's theory." Defendant's argument fails because Plaintiff has met the pleading requirements as outlined in the Federal Rules of Civil Procedure ("FRCP").

A plaintiff may recover punitive damages when her employer "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of the aggrieved individual." 42 U.S.C. § 1981a(b)(1). Similarly, the Oregon statute governing awards of punitive damages requires that the defendant "acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm." ORS§ 31.730(1). The Oregon Supreme Court has clarified that "malice" means "nothing more than a wrongful act done intentionally without just cause or excuse." *Friendship Auto Sales, Inc. v. Bank of Willamette Valley*, 300 Or. 522, 716 P.2d 715, 722 (1986) (internal citation and quotation marks omitted). *See Hedum v. Starbucks Corp.,* 546 F.Supp.2d 1017, 1029 (2008).

A pleading that states a claim for relief must contain: "a short plain statement of the claim showing that the [plaintiff] is entitled to relief, and ... a demand for the relief sought…" FRCP 8(a)(2)-(3). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FRCP 9(b).

Here, Plaintiff alleges the following:

PLAINTIFF'S RESPONSE TO DEFENDANT
NW PERMANENTE P.C.'S PARTIAL
MOTION TO DISMISS

MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

> Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages pursuant to 42 U.S.C. §2000e-5(k) as incorporated into the ADA by 42 U.S.C. §12117(a).

Complaint ¶59. Defendant cites no precedent as to why the Court should require Plaintiff to plead "specific factual allegations" which imposes a heightened pleading requirement not required under the applicable FRCPs. Def. MTD 9. Plaintiff meets the liberal pleading requirements outlined in FRCP 8 and FRCP 9.

Furthermore, the remaining arguments made by Defendant misrepresent the allegations contained in Plaintiff's Complaint. For example, Defendant states "Plaintiff's Complaint does not even identify what disability she has or when, if ever, she allegedly disclosed such a disability to NWP." Def. MTD 9. Amongst other provisions, Plaintiff's Complaint alleges that Plaintiff suffers from a "mental health disability" and that on January 21, 2020 Plaintiff's doctor provided Defendant with a completed "Medical Inquiry Form in Response to an Accommodation Request for [Plaintiff]." Complaint ¶16-17. Plaintiff's Complaint goes onto allege that Plaintiff made multiple requests for reasonable accommodation, including speaking directly with human resources. Complaint ¶18 – 20.

Defendant also argues that the Complaint "lacks specific factual allegations that NWP engaged in a discriminatory practice or practices related to a disability." Def. MTD 9. This is also untrue, for example, Plaintiff's Complaint alleges that "Defendant's human resources representative threatened, it would consider [Plaintiff] to have abandoned her position and cut off her health benefits" unless Plaintiff got her doctor to rescind the accommodation request and release Plaintiff back to work immediately. Complaint ¶18. Furthermore, Plaintiff alleges that in

Page 17    **PLAINTIFF'S RESPONSE TO DEFENDANT NW PERMANENTE P.C.'S PARTIAL MOTION TO DISMISS**    MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

lieu of Defendant engaging in a meaningful interactive process, Defendant terminated Plaintiff's employment. Complaint ¶20.

When considering the facts in the light most favorable to Plaintiff and when applying the applicable pleading requirement, the Court must deny Defendant's motion to dismiss.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss should be denied.

Dated: May 29, 2020

**Meyer Stephenson**

*s/Ashley Bannon Moore*

Ashley Bannon Moore, OSB No. 113219
Robert Meyer, OSB No. 086470
Attorneys for Plaintiff

Page 18   PLAINTIFF'S RESPONSE TO DEFENDANT
NW PERMANENTE P.C.'S PARTIAL
MOTION TO DISMISS

MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258

CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the PLAINTIFF'S RESPONSE TO DEFENDANT NW PERMANENTE P.C.'S MOTION TO DISMISS on the following attorneys for Defendant NW PERMANENTE P.C.:

ALEXANDER H. HILL
alexander.hill@bullivant.com

Bullivant Houser, Attorneys
One SW Columbia Street, Suite 800
Portland, OR 97204

by the following indicated method or methods on the date set forth below:

☒ **Email**

DATED this 29th day of May, 2020.

s/ Robert K. Meyer

Robert K. Meyer, OSB No. 086470
*Attorney for Plaintiff*

Page 1    **CERTIFICATE OF SERVICE**

MEYER STEPHENSON
1 SW COLUMBIA ST. SUITE 1850
PORTLAND, OR 97258