IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANGELA SCHULTZ, | Case No. 3:20-cv-00626-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **NW PERMANENTE P.C.,** an Oregon limited liability company, and assumed business name NW Permanente Physicians & Surgeons P.C., | |
| Defendant. | |

**IMMERGUT, District Judge.**

This matter comes before this Court on Defendant's Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Angela Schultz is a former employee of Defendant NW Permanente P.C. ECF 1 at ¶¶ 2, 6. After almost two years of employment, Plaintiff was fired in February of 2020. *Id.* at ¶ 6. Plaintiff brings both state law and federal law claims against Defendant. Under Oregon law, Plaintiff brings claims for disability discrimination, *id.* at ¶¶ 21–

PAGE 1 – OPINION AND ORDER

24, failure to reasonably accommodate a disability, *id.* at ¶¶ 25–27, retaliation for invoking disability related rights, *id.* at ¶¶ 28–30, Oregon Sick Leave Act ("OSLA") denial/interference and retaliation/discrimination, *id.* at ¶¶ 39–45, and Oregon Family Leave Act ("OFLA") leave denial and retaliation, *id.* at ¶¶ 31–38. Plaintiff also brings federal claims under the Americans with Disabilities Act ("ADA") for disability discrimination, *id.* at ¶¶ 51–59, and the Family Medical Leave Act ("FMLA") for leave denial, interference, and retaliation, *id.* at ¶¶ 60–68. Finally, Plaintiff brings a common law claim for wrongful discharge. *Id.* at ¶¶ 46–50.

Defendant filed the present motion, ECF 5, asking this Court to dismiss Plaintiff's two OSLA claims (Counts 6 and 7), and dismiss Plaintiff's OFLA and FMLA interference claims (Counts 4 and 10), arguing Plaintiff had exhausted her leave allotment under these statutes. Further, Defendant asks this Court to dismiss Plaintiff's common law wrongful discharge claim (Count 8) as precluded, and to dismiss Plaintiff's claims for punitive damages under the ADA (Count 9) for failing to plead sufficient factual allegations. ECF 5 at 2.

This Court concludes that Plaintiff has alleged sufficient facts to show her leave was not exhausted under OSLA, the FMLA and OFLA. Additionally, this Court concludes that Plaintiff's common law wrongful discharge claim is not precluded by OFLA or OSLA. Finally, this Court concludes Plaintiff has alleged sufficient factual allegations to support a claim for punitive damages under the ADA. Defendant's Partial Motion to Dismiss is therefore denied.[1]

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual

---

[1] Defendant requested oral argument on the Partial Motion to Dismiss. ECF 5. This Court has determined that oral argument will not help in the resolution of the issues before the Court. *See* L.R. 7-1(d). Therefore, the request for oral argument is denied.

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

**BACKGROUND**

The following facts are taken from Plaintiff's complaint. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) ("On a motion to dismiss, all material facts are accepted as true and are construed in the light most favorable to the plaintiff."). Plaintiff was a Program Coordinator for Defendant from May 21, 2018 until her termination on February 3, 2020. ECF 1 at ¶ 6. Defendant subjected Plaintiff to heightened scrutiny and criticism for requesting leave from her job on several occasions, and ultimately fired her. Plaintiff seeks $250,000 in economic damages, $300,000 in non-economic damages, punitive damages, attorney's fees, and an injunction prohibiting Defendant from engaging in any employment practice which discriminates on the bases alleged in the complaint. *Id.* at 15–16.

In February of 2019, Plaintiff informed her manager that she needed to take medical leave in July of 2019 for foot surgery. Plaintiff requested one week of medical leave to recover from surgery, and then a telecommute arrangement for seven weeks. *Id.* at ¶¶ 7–8. Plaintiff's manager verbally agreed to this request, but afterwards, Plaintiff experienced heightened scrutiny and criticism at work. *Id.* at ¶¶ 8–9.

Around June 18, 2019, Plaintiff filed a request for intermittent leave for depression, and a separate request for leave to have her foot surgery. *Id.* at ¶ 10. After filing her requests, she again experienced heightened criticism, and was given a burdensome list of tasks to complete before her surgery. *Id.* at ¶ 11.

On July 17, 2019, Plaintiff had her foot surgery. *Id.* at ¶ 12. A week afterwards, she asked to begin telecommuting. Plaintiff's supervisor refused her request, instead telling her to use medical leave for the remaining seven weeks of recovery. *Id.*

Between July 17, 2019 and September 2, 2019, Plaintiff took medical leave to recover from foot surgery. *Id.* When she returned to work on September 3, 3019, Defendant placed Plaintiff on a corrective action plan. *Id.* at ¶ 13. At a subsequent meeting, Plaintiff's supervisor and a representative from human resources told her she had one year to improve her work, or she would be terminated. *Id.* at ¶ 14.

Plaintiff took additional medical leave from December 14, 2020 through January 24, 2020 to attend outpatient treatment for depression. *Id.* at ¶ 15. Around January 21, 2020, following the recommendation of her physician, Plaintiff requested another month of leave to continue treatment. *Id.* Defendant then told Plaintiff they planned to fire her. *Id.* at ¶ 17. Plaintiff tried negotiating with a representative from Defendant's human resources department. The representative responded by telling Plaintiff to return to work or resign and lose health benefits. *Id.* at ¶ 18. Plaintiff later tried again to negotiate. She explained she was not released to work and asked Defendant to allow her to take leave. Defendant refused her request and terminated her employment on February 3, 2020. *Id.* at ¶¶ 19–20.

## DISCUSSION

Defendant filed a partial motion to dismiss, ECF 5, requesting that this Court dismiss Plaintiff's two OSLA claims for sick leave denial/interference and sick leave retaliation/discrimination (Counts 6 and 7), and dismiss Plaintiff's OFLA and FMLA interference claims (Counts 4 and 10), alleging that Plaintiff had exhausted her leave allotment under these statutes. ECF 5 at 2. Further, Defendant asked this Court to dismiss Plaintiff's common law wrongful discharge claim (Count 8) as precluded, and to dismiss Plaintiff's claims for punitive damages (Count 9) because Plaintiff did not allege sufficient facts to support a claim for punitive damages under the ADA. *Id*. These four issues are considered in turn.

### A. Oregon Sick Leave Act Claims

Defendant argues Plaintiff has failed to allege sufficient facts to state a claim for sick leave denial/interference and sick leave retaliation/discrimination (Counts 6 and 7) under OSLA because Plaintiff had not accrued protected sick time when she requested additional leave in 2020. ECF 5 at 3–4; ECF 7 at 2–4. Defendant claims that Plaintiff could not have conceivably accrued sick leave because, according to the Complaint, she never worked in 2020. ECF 7 at 3–4. In response, Plaintiff argues she did not need to accrue sick leave to prevail on her OSLA claims. ECF 6 at 7. Moreover, Plaintiff contends she could have accrued sick leave under OSLA at the beginning of the new year, depending on facts not yet known to her concerning her employer's methodology for calculating sick leave. *Id.* at 7–8.

OSLA, which went into effect on January 1, 2016, requires employers to provide sick leave for employees. Employers with at least ten employees must implement a sick time policy that allows an employee to earn and use up to forty hours of paid sick time per year. O.R.S. 653.606(1). Employers with fewer than ten employees must implement a policy that allows an employee to earn and use up to forty hours of unpaid sick time per year. *Id.* OSLA prohibits employers from interference, discrimination, or retaliation for taking sick leave. O.R.S. 653.641.

The parties' central dispute concerns Plaintiff's exhaustion of sick leave under OSLA at the time she requested additional leave on January 21, 2020. *See* ECF 1 at ¶ 16.[2] An employee

---

[2] The parties also raise the related issue of whether or not a plaintiff can bring claims under OSLA when their leave is exhausted. This Court is aware of only one other case, *Carter v. Fred Meyer Jewelers, Inc.*, No. 3:16-cv-00883-YY, 2019 WL 2744190 (D. Or. Apr. 10, 2019), in which a court addressed a similar question. In *Carter*, the court rejected a plaintiff's claims for interference, discrimination, and retaliation under OSLA on summary judgment. The court found that the plaintiff had not yet accrued any sick leave under the statute because he had not worked in the year the statute went into effect. *Id.* at *8. The court held that "sick time accrued under the OSLA is protected, while sick leave accrued either before the OSLA comes into play or beyond the minimum that OLSA requires is not protected." *Id.* at *9. This Court declines to rule on the

can start taking sick leave under OSLA once he or she has worked for at least ninety days. O.R.S. 653.606(5)(a). OSLA allows for a variety of approaches to calculate an employee's sick leave allowance. Under O.R.S. 653.606, employees can "accrue at least one hour of paid sick time for every 30 hours the employee works or 1- 1/3 hours for every 40 hours the employee works." O.R.S. 653.606(1)(a). Alternatively, employers can "front-load" sick time for employees. O.R.S. 653.606(1)(c); *see also* OAR 839-007-0007. As defined, to "front-load" sick leave "means to assign and make available a certain number of hours of sick time to an employee as soon as the employee becomes eligible to use sick time and on the first day of the immediate subsequent year without regard to an accrual rate." O.R.S. 653.601(5)(a). Under the statute, the term "year" may include any consecutive twelve-month period, such as a calendar year. O.R.S. 653.601(8). OSLA also permits employees to carry over up to forty hours of unused sick time from one year to a subsequent year. O.R.S. 653.606(3).

Plaintiff alleges she began working for Defendant on May 21, 2018. ECF 1 at ¶ 6. Thus, by January of 2020, she had worked well beyond the ninety-day threshold needed to start taking OSLA leave. Plaintiff does not specify her prior use of sick leave or Defendant's methodology for sick leave accrual. Nevertheless, it is plausible that Plaintiff qualified for sick leave as alleged if, for example, Defendant calculated the sick leave year using the "front-load" method. Because it is reasonable to infer that Plaintiff had not exhausted her OSLA leave in January, she has sufficiently stated a claim. This Court denies Defendant's motion to dismiss Counts 6 and 7 of the Complaint.

---

question at this stage in the proceedings because Plaintiff has sufficiently alleged facts to support the inference that she qualified for sick leave in January of 2020.

**B.  Family Medical Leave Act and Oregon Family Leave Act Claims**

Defendant similarly contends that Plaintiff has failed to allege sufficient facts to state a

claim for interference under the FMLA and OFLA. Specifically, Defendant argues Plaintiff

exhausted her twelve weeks of protected medical leave before she requested additional leave in

January of 2020, and as such, she became ineligible for FMLA and OFLA protections. ECF 5 at

6–8; ECF 7 at 6–9. Plaintiff, in response, argues she remained eligible for FMLA and OFLA

leave at all relevant times. ECF 6 at 12–14. Moreover, Plaintiff contends that even if she had

exhausted her protected leave, she can still bring a claim for interference under OFLA and the

FMLA. *Id.* at 13–14; ECF 10 at 5–8.

As a threshold matter, courts construe OFLA "to the extent possible in a manner that is

consistent with any similar provisions of the federal" FMLA. O.R.S. 659A.186(2); *see also*

*Sanders v. City of Newport*, 657 F.3d 772, 783 (9th Cir. 2011) ("In light of these similar

statutory and regulatory provisions, the district court properly applied the same legal standards

under FMLA to [Plaintiff's] OFLA claim."); *Benz v. West Linn Paper Co*., 803 F. Supp. 2d

1231, 1250 (D. Or. 2011) (noting Oregon courts look to federal law when interpreting OFLA).

Therefore, this Court will analyze Plaintiff's FMLA and OFLA claims together.

The FMLA was intended "to achieve a balance that reflected the needs of both employees

and their employers." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1119 (9th Cir. 2001).

Under the FMLA, eligible employees are entitled to a total of twelve weeks of leave during any

twelve-month period when a serious health condition prevents the employee from performing

the functions of their job. 29 U.S.C. § 2612(a)(1)(D); *see also* O.R.S. 659A.159(1)(c) (providing

twelve protected weeks of leave under OFLA).[3] Employers covered by the FMLA must allow their employees to take FMLA leave for qualifying conditions and may not "interfere with, restrain, or deny the exercise of" its employees' FMLA rights. 29 U.S.C. § 2615(a)(1).

When a plaintiff alleges retaliation for exercising his or her rights under the FMLA, the Ninth Circuit analyzes the claim as one of interference under Section 2615(a)(1). *See Bachelder,* 259 F.3d at 1124 ("By their plain meaning, the anti-retaliation or anti-discrimination provisions do not cover visiting negative consequences on an employee simply because he has used FMLA leave. Such action, is instead, covered under § 2615(a)(1), the provision governing 'Interference [with the] Exercise of rights.'"). To sustain an FMLA interference claim, an employee must show by a preponderance of the evidence that (1) she was eligible for the FMLA's protections, (2) her employer was covered by the FMLA, (3) she was entitled to leave under the FMLA, (4) she provided sufficient notice of her intent to take leave, and (5) her employer denied her FMLA benefits to which she was entitled. *Sanders,* 657 F.3d at 778. A plaintiff may prove an interference claim "by using either direct or circumstantial evidence, or both." *Bachelder*, 259 F.3d at 1125.

Defendant only contests Plaintiff's "eligibility" for FMLA protections at the time she requested additional leave on January 21, 2020. ECF 5 at 8 ("Because she exhausted her FMLA and OFLA leave before she was terminated and before she returned to work, Plaintiff's claims for interference and denial of leave . . . fail because she was no longer eligible for those benefits."). In doing so, Defendant assumes Plaintiff's interference claim arises only from her attempt to take medical leave in January of 2020 and subsequent termination. Plaintiff advances

_____

[3] Leave taken under OFLA runs concurrently with leave taken under the FMLA if the employee qualifies for leave under both laws. O.R.S. 659A.186(2).

other theories of interference in her Complaint, ECF 10 at 6, which are not objected to by Defendant. This Court limits its analysis to Defendant's objections.

The FMLA provides twelve weeks of leave per "leave year," which is a twelve-month period calculated by the employer. *Bachelder,* 259 F.3d at 1120. An employee that has used the entirety of her FMLA leave is not eligible for FMLA leave until the start of the next "leave year." 29 C.F.R. § 825.200. The FMLA does not protect an employee against disciplinary action for leave taken outside the Act's scope. *See Bachelder,* 259 F.3d at 1125 ("[T]he 'FMLA is not implicated and does not protect an employee against disciplinary action based upon [ ] absences' if those absences are not taken for one of the reasons enumerated in the Act") (quoting *Rankin v. Seagate Techs.*, 246 F.3d 1145, 1147 (8th Cir. 2001)).

As with OSLA, employers can calculate their leave allowances in a variety of ways. The "leave year" regulation, 29 C.F.R. § 825.200, gives employers the option to calculate the twelve-month leave period by one of four methods. *Bachelder,* 259 F.3d at 1126; *see also* OAR 839-009-0210(19) (providing the same leave calculation options under OFLA). For example, an employer can adopt the calendar year method, allowing employees to "take 12 weeks of leave at the end of the year and 12 weeks at the beginning of the following year." 29 C.F.R. § 825.200(c); *see also Bachelder,* 259 F.3d at 1126. This means that on the first day of January each year, an "employee would be entitled to a full bank of FMLA-protected leave, no matter how recently, or how much, she had exercised her entitlement to protected leave the previous year." *Bachelder*, 259 F.3d at 1126.

Plaintiff's alleges she took leave from July 17, 2019 to September 3, 2019, ECF 1 at ¶¶ 12–13, and again from December 14, 2019 to January 24, 2020, *Id.* at ¶ 15. If Defendant calculated the leave year using a calendar year method—a claim Defendant does not contest at

this stage—then Plaintiff would still be entitled to several weeks of FMLA and OFLA leave upon her request in late January of 2020. Because it is plausible that Plaintiff had not exhausted her FMLA and OFLA leave when she requested additional leave in January of 2020, Plaintiff has sufficiently alleged that she was an "eligible employee" at the time she requested leave in January of 2020. This Court denies Defendant's motion to dismiss Counts 4 and 10 of Plaintiff's Complaint.

## C.  Wrongful Discharge Claim

Defendant contends that the existence of statutory remedies under OFLA and OSLA precludes Plaintiff's wrongful discharge claim, because OFLA and OSLA provide adequate statutory remedies, ECF 5 at 5–6; ECF 7 at 4–6, and further, OFLA provides an "exclusive" remedy, ECF 7 at 4–5. Plaintiff argues her common law claim is not precluded because OFLA and OSLA do not provide adequate remedies, as they do not allow for non-economic or punitive damages. [4] ECF 6 at 9. Plaintiff further maintains that Defendant has not made a sufficient showing of express or implied legislative intent to suggest OFLA provides "exclusive" statutory remedies. ECF 10 at 3.

Oregon law recognizes the tort of wrongful discharge. *See Moustachetti v. State*, 319 Or. 319, 325 (1994). However, Oregon courts have characterized the action as an "interstitial tort, designed to fill a gap where a discharge in violation of public policy would otherwise not be adequately remedied." *Kemp v. Masterband Cabinets, Inc.*, 257 Or. App. 530, 537 (2013) (quoting *Dunwoody v. Handskill Corp.*, 185 Or. App. 605, 613 (2003)). In assessing if a common

---

[4] Plaintiff's argument here is somewhat inconsistent, contending at some points that she does not have an adequate remedy under the FMLA, OFLA and OSLA, ECF 6 at 11, and at other points arguing that only OFLA and OSLA remedies are inadequate statutory remedies, *id.* at 9. Because Defendant does not address Plaintiff's remedies under the FMLA in the context of preclusion, the Court will only address the adequacy of the remedies provided by OFLA and OSLA.

law claim for wrongful discharge is available, Oregon District Courts ask if (1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy. *See Arnold v. Pfizer, Inc.*, 970 F. Supp. 2d 1106, 1145 (D. Or. 2013); *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130–31 (D. Or. 1998) (*abrogated on other grounds by Rabkin v. Or. Health Scis. Univ.*, 350 F.3d 967 (9th Cir. 2003). Since Defendant argues that the wrongful discharge claim is precluded under both parts of the test, each element is analyzed further below.

### 1. Adequate Statutory Remedy

"[I]f an adequate statutory remedy exists, a common law wrongful discharge claim based on the same conduct is precluded." *Lovell v. Sky Chefs Inc.*, No. 3:15–cv–00327–SI, 2015 WL 4488026, at *3 (D. Or. July 22, 2015) (citing *Draper*, 995 F. Supp. at 1130–31). The mere fact that a statute provides some remedies, such as backpay, injunctions and reinstatement, does not preclude recognition of a wrongful-discharge claim and thus recovery of traditional tort damages. *See Holien v. Sears, Roebuck and Co.*, 298 Or. 76, 97 (1984) (*superseded in part by statute*, Or. Laws 2007, Ch. 903, *as stated in Espinoza v. Evergreen Helicopters, Inc.*, 359 Or. 63, 88 n.14 (2016)). These remedies do not compensate a plaintiff "for such personal injuries as anguish, physical symptoms of stress, a sense of degradation, and the cost of psychiatric care." *Id.* "Legal as well as equitable remedies are needed to make the plaintiff whole." *Id.*

Plaintiff's wrongful discharge claim arises from violations of OFLA and OSLA. ECF 6 at 9. Both claims fall under O.R.S. 659A.885(1)–(2), which prescribes the remedies provided under both statutes. OFLA and OSLA only allow for injunctive relief and other equitable relief "that may be appropriate," including reinstatement with or without back pay, prevailing party costs,

and attorney's fees. Neither statute provides for the recovery of non-economic or punitive

damages. *See* O.R.S. 659A.885(1)–(2). Defendant does not contest this.

Interpreting the Oregon Supreme Court's opinion in *Holien*, numerous cases in this

District have held that claims brought under the FMLA and OFLA do not preclude claims for

wrongful discharge because they do not provide for the recovery of emotional distress damages.

*See, e.g., Pacosa v. Kaiser Found. Health of the Nw.*, No. 09–CV–1137–BR, 2011 WL 208205,

at *14 (D. Or. Jan. 21, 2011) (agreeing with other courts in this District that have held the

statutory remedies under the FMLA and OFLA do not preclude a wrongful-discharge claim

under Oregon law because they do not authorize an award of non-economic damages for

emotional distress); *Webb v. Intel Corp.*, No. 3:17–cv–01089–SI, 2018 WL 1547354, at *5 (D.

Or. Mar. 29, 2018) (holding the FMLA does not provide an adequate remedy barring wrongful

discharge because it does not authorize general or non-economic damages for emotional

distress); *Dean v. Safeway, Inc.*, No. 3:12–cv–01875–PK, 2014 WL 6473543, at *15 n.7 (D. Or.

Nov. 18, 2014) (finding the plaintiff's wrongful discharge claim was not precluded by OFLA, as

OFLA does not "authorize an award of general or non-economic damages for emotional

distress."); *Daoud v. Avamere Staffing, LLC*, 336 F. Supp. 2d 1129, 1141 (D. Or. 2004)

(rejecting defendant's argument that the FMLA's remedies were adequate because plaintiff could

not recover non-economic or emotional-distress damages).

This Court agrees with the reasoning of these cases. The remedies under both OFLA and

OSLA are not adequate because they do not provide for non-economic damages, such as

emotional distress damages, necessary to compensate Plaintiff for "personal injuries [such] as

anguish, physical symptoms of stress, a sense of degradation, and the cost of psychiatric care."

*Holien*, 298 Or. at 97. Plaintiff's common law wrongful discharge claim is not precluded on this basis.

### 2. Exclusive Statutory Remedy

Defendant next contends that Plaintiff's claim for wrongful discharge is unavailable because claims for denial of medical leave under OFLA provide "exclusive statutory remedies." ECF 7 at 4–5 (quoting *Kelly v. Boeing Co*., 400 F. Supp. 3d 1093, 1112 (D. Or. 2019).

Under Oregon law, a new statutory remedy does not negate a pre-existing common law remedy and become "exclusive" unless the legislature indicates an intent to abrogate the common law remedy. *Brown v. Transcon Lines*, 284 Or. 597, 610 (1978). Without this intent, the statutory remedy is "merely cumulative." *Id.* "This rule is particularly applicable when the new statutory remedy is not an adequate one." *Id.* at 610–11. Defendant fails to cite evidence that the Oregon legislature intended to abrogate any common law remedy through OFLA. In the absence of any evidence of the legislature's intent, and because the remedy provided under OFLA is inadequate, this Court finds that OFLA's statutory remedy is "merely cumulative" rather than exclusive.

Accordingly, this Court denies Defendant's motion to dismiss Count 8 of Plaintiff's Complaint. Plaintiff may proceed with her common claim for wrongful discharge.

### B. Americans with Disabilities Act Claim

Finally, Defendant argues that Plaintiff's Complaint fails to state a claim for punitive damages under the ADA because "the Complaint . . . lacks specific factual allegations that [Defendant] engaged in a discriminatory practice or practices related to a disability." ECF 5 at 9. Defendant argues the Complaint contains no factual allegations that lend to an inference Defendant knew its actions were in violation of federal law. *Id.* These flaws, Defendant says, fail

to link any unlawful behavior to a perceived disability. ECF 7 at 10. Plaintiff argues she has met

the pleading requirements, ECF 6 at 16–17, pointing to allegations in the Complaint alleging, for

instance, that when Plaintiff informed Defendant of her "mental health disability," and requested

accommodation, she received a threat from Defendant's human resources representative that her

health benefits would be terminated unless she rescinded her accommodation request and

returned to work. *Id.* at 17.

To recover punitive damages under the ADA, Plaintiff must show that Defendant

"engaged in a discriminatory practice or discriminatory practices with malice or with reckless

indifference to [her] federally protected rights." 42 U.S.C. § 1981(b)(1); *Kolstad v. American

Dental Ass'n*, 527 U.S. 526, 534 (1999). To meet this standard, "an employer must at least

discriminate in the face of a perceived risk that its actions will violate federal law." *Kolstad*, 527

U.S. at 536. Although egregious conduct may be evidence of intent to break the law, such

conduct is not required to establish punitive damages. *Passantino v. Johnson & Johnson

Consumer Prods., Inc.*, 212 F.3d 493, 515 (9th. Cir. 2000). "[I]n general, intentional

discrimination is enough to establish punitive damages liability." *Id.*

Drawing all reasonable inferences in Plaintiff's favor, Plaintiff has pled sufficient factual

allegations to support her claim for punitive damages. Plaintiff's Complaint alleges she suffers

from a "mental health disability," ECF 1 at ¶ 16, and that Defendant was aware of that disability

at all relevant times, *id.* at ¶ 53. Plaintiff alleges her doctor sent Defendant a form recommending

she have an accommodation for her mental health disability. *Id.* at ¶ 6. Plaintiff alleges that

shortly thereafter, Defendant told her she was being terminated. *Id.* at ¶ 17. Plaintiff further

alleges that upon notice of her impending termination, she made additional requests for a

reasonable accommodation, including one directly to a member of the human resources

department. In response, she alleges she was given an ultimatum to rescind the accommodation request and return to work immediately or lose her health benefits. *Id.* at ¶ 18. Plaintiff alleges that shortly after making these requests, she was terminated. *Id.* at ¶ 20.

These facts state a plausible claim that Defendant discriminated against Plaintiff "in the face of a perceived risk that its actions w[ould] violate federal law." *Kolstad*, 527 U.S. at 536. As such, this Court denies Defendant's motion to dismiss Plaintiff's claims for punitive damages under the ADA.

**CONCLUSION**

For these reasons, Defendant's Partial Motion to Dismiss is DENIED.


**IT IS SO ORDERED**.

DATED this 23rd day of July, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
