IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANGELA SCHULTZ**,<br><br>        Plaintiff,<br><br>    v.<br><br>**NW PERMANENTE P.C., an Oregon limited liability company and abn NW PERMANENTE PHYSICIANS AND SURGEONS P.C.**,<br><br>        Defendant. | Case No. 3:20-cv-00626-IM<br><br>**OPINION AND ORDER** |

Robert K. Meyer, Christina E. Stephenson, and Michael V. Owens, Meyer Stephenson, 1 SW Columbia Street, Suite 1850, Portland, OR 97258. Attorneys for Plaintiff.

Alexander H. Hill and Jeanne F. Loftis, Bullivant Houser Bailey P.C., 1 SW Columbia Street, Suite 800, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

This Opinion reflects this Court's ruling on the record at the hearing on Defendant's motion for summary judgment, ECF 33. Defendant seeks summary judgment on all ten counts raised in Plaintiff's Complaint. *Id*. at 15. Plaintiff concedes summary judgment on Count Four, for Oregon Family Leave Act ("OFLA") denial, ECF 46, and Count Nine, for Americans with Disabilities Act ("ADA") discrimination, insofar as this claim is predicated on a hostile work

environment theory, ECF 38 at 32. On Count Ten for Family Medical Leave Act ("FMLA") denial, this Court finds that Defendant never denied Plaintiff any leave and GRANTS partial summary judgment. Because this Court finds that Plaintiff has raised a sufficient question of whether she was a qualified employee, whether her requested accommodation was reasonable, and whether Defendant retaliated against her either for taking or requesting leave, summary judgment is DENIED on the remaining counts.

## STANDARDS

Under Federal Rule of Civil Procedure 56, a party is entitled to summary judgment is the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

## DISCUSSION

1. **Counts 1, 2, and 9[1]—Disability Discrimination and Failure to Accommodate**

---

[1] Plaintiff concedes summary judgment as to Count Nine insofar as it is predicated on a hostile work environment theory. *See* ECF 38 at 32.

Oregon and federal law use the same standards to evaluate claims for disability discrimination and failure to accommodate. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). To establish prima facie disability discrimination, Plaintiff must show "(1) that she is 'disabled' within the meaning of the ADA; (2) she is a 'qualified individual' as defined by the ADA; and (3) she suffered an adverse employment action on the basis of her disability." *Orozco v. Lamb Weston, Inc.*, No. 2:19-cv-00060-SU, 2020 WL 1957910, at *4 (D. Or. Apr. 23, 2020) (citation omitted). A qualified individual is able to perform the essential functions of their job, either with or without reasonable accommodations. *Huitt v. Optum Health Servs.*, 216 F. Supp. 3d 1179, 1188 (D. Or. 2016). "Reasonable accommodations are mechanisms to remove barriers and provide assistance to disabled individuals so that they can perform the 'essential functions' of employment positions." *Cripe v. City of San Jose*, 261 F.3d 877, 889 (9th Cir. 2001).

Defendant argues that Plaintiff was not "qualified" because she has not shown that she could perform the essential functions of her job with reasonable accommodation and, in fact, had not requested any *reasonable* accommodation. Defendant also argues that the accommodation Plaintiff did request—an extended leave of absence—posed an undue hardship. ECF 33 at 20.

### A. Failure to accommodate

Defendant argues that Plaintiff's only requested accommodation was more time away from work. ECF 33 at 19. But Defendant does not dispute that "extended medical leave, or an extension of an existing leave period, may be a reasonable accommodation if it does not pose an undue hardship on the employer." *Dark v. Curry Cnty.*, 451 F.3d 1078, 1090 (9th Cir. 2006) (internal quotation marks and citation omitted). Defendant characterizes Plaintiff's request as "'more time' to be away from work" for "the same [treatment] as before." ECF 33 at 19. Defendant also argues that it was "speculative at best" and that there was "no presumption, other

PAGE 3 – OPINION AND ORDER

than Plaintiff's speculation, that Plaintiff would be ready [to return to work] by February 21, 2020." *Id*. at 19–20.

Plaintiff raises genuine issues of fact. First, Plaintiff calls into question the characterization that she was only requesting time off from work. Plaintiff introduces evidence that she was continuing to work with her psychiatrist, that her psychiatrist had changed the dosage of her antidepressant, and that she was "working on different medications to help [her] cope." ECF 36-1 at 15. And while Defendant describes Plaintiff's outpatient program as having "failed," ECF 33 at 20, Plaintiff herself described as having "graduated from the program" in January 2020. ECF 36-1 at 12. Based on the available evidence, a reasonable jury could find that the outpatient program had helped Plaintiff's major depression but not sufficiently to allow her to return to work, and that another month of working with her psychiatrist and fine-tuning her medication was a reasonable accommodation. Second, Plaintiff provides a letter from her medical provider stating that she "*is released* with restrictions to return to work on February 21, 2020." ECF 39-3 at 41 (emphasis added); ECF 39-24 at 3. The parties also include as an *undisputed* fact that "Defendant was put on notice that Plaintiff could return to full duty work February 21, 2020." ECF 31 at ¶ 15. Defendant argues that the medical provider's release was not an accurate estimate, ECF 33 at 19, but that is ultimately a question of fact that turns on weighing each side's evidence and determining credibility. A jury, not this Court, is the proper arbiter of those issues.

**B. Undue Hardship**

Next, Defendant argues that Plaintiff's requested leave accommodation constituted an undue hardship under 42 U.S.C. § 12111(10).[2] "Undue hardship analysis is . . . a fact-intensive

---

[2] Part of Defendant's undue hardship argument turns on the idea that the leave has an unspecified end date. *See Larson v. United Nat. Foods W. Inc.*, 518 F. App'x 589, 591 (9th Cir. 2013) ("[A]n indefinite . . . leave of absence to permit [the employee] to fulfill [the doctor]'s treatment recommendations so that he might eventually be physically qualified . . . is not a

PAGE 4 – OPINION AND ORDER

inquiry, rarely suitable for resolution on summary judgment." *Morton v. U.S. Parcel Serv., Inc.*, 272 F.3d 1249, 1256–57 (9th Cir. 2001), *overruled on other grounds by Bates v. U.S. Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007). Defendant argues that Plaintiff's absence was causing "stress and an unsustainable workload for Plaintiff's department." ECF 33 at 21. But other than testimony from two of the very actors—Ms. Andersen and Ms. Rice—whom Plaintiff claims were retaliating against her, Defendant has presented no specific evidence of undue hardship—for example, testimony from co-workers or timesheets showing that other employees were working overtime. Although a jury may conclude that Plaintiff's request for additional leave posed an undue hardship, that is a material question of fact in dispute that cannot properly be resolved on summary judgment.

### 2. Count 3—Retaliation for Invoking Disability Related Rights

"It is an unlawful employment practice for an employer to discriminate against an individual with respect to hire or tenure or any term or condition of employment because the individual has applied for [disability] benefits." O.R.S. 659A.109. To make out a prima facie retaliation claim, Plaintiff must show "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1269 (9th Cir. 2009) (internal quotation marks and citation omitted). Defendant challenges only the second and third prongs.

As to the adverse employment action, Defendant argues in its reply brief that neither the heightened criticism Plaintiff faced upon returning to work nor deadlines imposed on her constitute adverse action because she was not given additional duties or responsibilities. ECF 41

---

reasonable accommodation."). As noted above, Plaintiff's doctor stated that she would be ready to return to work on February 21, 2020. To the extent that Defendant challenges that statement, it is a disputed fact.

at 13–14. Plaintiff alleges that she was being asked to do her usual job duties "[b]ut it wasn't within a reasonable time frame." ECF 36-1 at 5. But Plaintiff also stated that "other people in [her] department weren't given those same deadlines." *Id*. at 8. Plaintiff claims that one of her supervisors, Ms. Rice, was deleting files in Plaintiff's email and "sabotaging [her] work." *Id.* at 9. And Plaintiff alleges that Ms. Rice and Ms. Andersen were giving Plaintiff conflicting messages about her work quality for the same task. *Id*. In the light most favorable to Plaintiff, she was asked to do her normal job duties, but was forced to do so (1) on stricter deadlines than her co-workers, (2) while her supervisor was interfering with her ability to get her work done, and (3) with two superiors giving her conflicting information about the quality of her work. Plaintiff was then put on a work development plan, "a disciplinary document" that "goes in someone's employment file," "can affect their ability to be promoted," and is "the first step towards termination" if unsuccessful. ECF 39-3 at 28, 30.

In the Ninth Circuit "an action is cognizable as an adverse employment action [for a retaliation claim] if it is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000). In *Ray*, one of the adverse employment actions found by the Ninth Circuit was that the employer "decreased the amount of time that [the employee] had to complete the same amount of work." *Id*. at 1244. This directly undercuts Defendant's position that Plaintiff has not stated an adverse employment action simply because she was not given new job responsibilities. In addition, if the jury credits Plaintiff's version of events—that her supervisor deleted her emails, that two superiors gave her conflicting feedback, and that she was then unfairly put on a work development plan—the jury could find that this type of action is reasonably likely to deter employees from requesting ADA accommodations. Accordingly, on the record before this Court, summary judgment is inappropriate.

PAGE 6 – OPINION AND ORDER

3. **Counts 4–7 and 10—FMLA, OFLA, and Oregon Sick Leave Act ("OSLA") Denial, Interference, and Retaliation**

Plaintiff concedes summary judgment on Count Four. Count Ten contains a similar claim for FMLA denial, ECF 1 at ¶¶ 60–68, but there is no evidence that Plaintiff was denied FMLA leave. Thus, this Court grants summary judgment on Count Four and partial summary judgment on Count Ten. What remains are claims for OFLA retaliation (Count Five), OSLA denial/interference (Count Six), OSLA retaliation/discrimination (Count Seven), and FMLA interference and retaliation (Count Ten).

Summary judgment is not appropriate on Plaintiff's FMLA *interference* claim (Count Ten).[3] FMLA interference occurs "when an employer interferes with an employee's exercise of rights under the FMLA." *Benz v. West Linn Paper Co.*, 803 F. Supp. 2d 1231, 1249 (D. Or. 2011). To establish FMLA interference, Plaintiff must show that "(1) [s]he was eligible for the FMLA's protections, (2) h[er] employer was covered by the FMLA, (3) [s]he was entitled to leave under the FMLA, (4) [s]he provided sufficient notice of h[er] intent to take leave, and (5) h[er] employer denied h[er] FMLA benefits to which [s]he was entitled." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) (internal quotation marks and citation omitted). Defendant points out that Plaintiff was not eligible for FMLA leave in 2020, but glosses over the fact that Plaintiff was eligible for the leave she took in 2019 and that "[t]he right to reinstatement guaranteed by 29 U.S.C. § 2614(a)(1) is the linchpin of [an interference claim] because the

---

[3] Plaintiff's FMLA interference claim includes her FMLA retaliation claim. *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001) ("By their plain meaning, the anti-retaliation or anti-discrimination provisions do not cover visiting negative consequences on an employee simply because he has used FMLA leave. Such action is instead covered under § 2615(a)(1), the provision governing" interference.). The FMLA's anti-retaliation provision, on the other hand, refers to retaliation against an employee for instituting a proceeding under the FMLA. *See Benz v. West Linn Paper Co.*, 803 F. Supp. 2d 1231, 1249 (D. Or. 2011).

PAGE 7 – OPINION AND ORDER

FMLA does not provide leave for leave's sake, but instead provides leave with an expectation that an employee will return to work after the leave ends." *Id*. (internal quotation marks and citation omitted). Even though Plaintiff had not begun accruing additional FMLA/OFLA leave in 2020—which is why summary judgment on the denial claims is appropriate—she may pursue her interference claim based on her 2019 leave. If the jury credits Plaintiff's evidence, it could find that Defendant interfered with Plaintiff's FMLA rights. Accordingly, summary judgment is not appropriate.

For the same reason, summary judgment is denied on Counts Five, Six, and Seven for OFLA interference,[4] OSLA interference/denial, and OSLA retaliation/discrimination. Even though Plaintiff was allowed to take OFLA- and OSLA-protected leave in 2019, she was—at least for purposes of summary judgment—allegedly subjected to the aforementioned adverse employment actions upon her return from protected leave. It will be up to the jury, not this Court, to determine whether Plaintiff's or Defendant's evidence is ultimately more persuasive.

On Plaintiff's OSLA claims, there is evidence that Plaintiff did have accrued leave at the time of her termination. While Defendant claims that Plaintiff "had a *negative* sick time balance of 36 hours" at the end of 2019, ECF 33 at 35, the exhibit submitted states: "[A]s of your last pay

---

[4] At oral argument, a question arose about Count Five, which is styled in the Complaint for "OFLA Leave Retaliation," but which Plaintiff clarified is being presented as one for OFLA interference. "A majority of decisions in the District of Oregon . . . have concluded that the OFLA includes a cause of action for interference." *Stillwell v. Old Dominion Freight Line*, No. 3:19-cv-1789-SI, 2021 WL 3056375, at *6 (D. Or. Jul. 20, 2021). "[A]n OFLA claim rooted in facts constituting an interference claim under the FMLA also may be properly brought as an interference claim under the OFLA." *Id.* Notwithstanding the way Count Five is titled, Plaintiff is plainly asserting an interference claim because she alleges that Defendant violated O.R.S. 659A.183(2) by taking adverse employment action "based on Plaintiff's request to take medical leave," rather than for opposing an unlawful practice or participating in an OFLA proceeding. ECF 1 at ¶ 38; *see Rogers v. Or. Trail Elec. Consumers Co-op., Inc.*, No. 3L10-CV-1337-AC, 2012 WL 1635127, at *20 (D. Or. May 8, 2012) ("The court concludes that [the plaintiff] is not attempting to state a new claim for interference, but clarifying under which theory he sought to proceed.").

PAGE 8 – OPINION AND ORDER

check, your available sick balance is 6 hours and your available vacation balance is negative 36 hours," *id.* (quoting ECF 35-3). A reasonable juror could thus find that Plaintiff was denied up to six hours of protected sick leave.[5]

### 4. Count 8—Wrongful Discharge

Defendant's only argument on the wrongful discharge claim is that Plaintiff's request for accommodation was unreasonable and that it asserted undue hardship in good faith. ECF 33 at 35–36. As noted above, these issues are inappropriate for resolution on summary judgment.

## CONCLUSION

Defendant's motion for summary judgment, ECF 33, is GRANTED on Count Four; Count Nine, on the hostile work environment theory; and Count Ten, on the FMLA denial claim. The motion is otherwise DENIED.

**IT IS SO ORDERED**.

DATED this 28th day of January, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[5] Defendant's only argument regarding Plaintiff's OSLA claims is that she did not have any accrued leave and so cannot make out *any* OSLA cause of action. ECF 33 at 34–35; *see Carter v. Fred Meyer Jewelers, Inc.*, No. 3:16-cv-00883-YY, 2019 WL 2744190, at *9 (D. Or. Apr. 10, 2019), *report and recommendation adopted*, 2019 WL 3206831 (D. Or. Jul. 16, 2019). As noted, Plaintiff did have accrued sick time at the end of 2019. Defendant has not made any argument about the difference between an OSLA denial/interference claim and an OSLA retaliation/discrimination claim and whether Plaintiff's evidence only shows one and not the other.

PAGE 9 – OPINION AND ORDER