IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANGELA SCHULTZ**,<br><br>       Plaintiff,<br><br>       v.<br><br>**NORTHWEST PERMANENTE P.C.**, an Oregon limited liability company and abn NW PERMANENTE PHYSICIANS AND SURGEONS P.C.,<br><br>       Defendant. | Case No. 3:20-cv-00626-IM<br><br>**OPINION AND ORDER** |

Robert K. Meyer, Christina E. Stephenson, and Michael V. Owens, Meyer Stephenson, 1 SW Columbia St., Suite 1850, Portland, OR 97204. Attorneys for Plaintiff.

Alexander H. Hill and Jeanne F. Loftis, 1 SW Columbia St., Suite 800, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

      Plaintiff Angela Schultz brings this action against Defendant Northwest Permanente P.C. alleging disability discrimination under ORS 659A.112 and 42 U.S.C §12111 (Counts One and Nine), failure to accommodate a disability under ORS 659A.112 (Count Two), retaliation for invoking disability related rights under ORS 659A.109 (Count Three); Oregon Family Leave Act interference under ORS 659A.183(2) (Count Five); Oregon Sick Leave Act interference, denial,

PAGE 1 – OPINION AND ORDER

retaliation, and discrimination under ORS 659.641(1) and (2) (Counts Six and Seven); wrongful discharge (Count Eight); and Family Medical Leave Act interference and retaliation under 29 U.S.C. § 2601 (Count Ten). ECF 1; ECF 47 (summary judgment order dismissing some claims). A jury trial is scheduled to begin on February 22, 2022. For the reasons set forth on the record and below, the Court addresses the parties' pending motions in limine and other evidentiary objections. ECF 48; ECF 49.

## DISCUSSION

**A. Plaintiff's Motions in Limine (ECF 48)**

**Stipulated Motions**

1. **Exclude any reference to Plaintiff withdrawing her case from BOLI and the EEOC to pursue her rights in court**

GRANTED. Defendant does not object to this motion.

2. **Exclude any reference to Plaintiff's application for unemployment benefits**

GRANTED. Defendant does not object to this motion.

3. **Exclude evidence of Defendant's alleged lawful behavior after Plaintiff's employment ended**

GRANTED. Defendant does not object to this motion.

4. **Exclude witness opinions about Defendant's motives and why Defendant made the personnel and team support decisions it did**

GRANTED. Defendant does not object to this motion.

**Contested Motions**

1. **Permit Plaintiff to introduce evidence about the financial resources of both Defendant (NW Permanente P.C.) and Kaiser Foundation Hospitals**

GRANTED IN PART and DENIED IN PART. Plaintiff may adduce evidence of Defendant's resources such as how many employees it has, how large the company is, and its ability to hire additional or replacement employees. Evidence of either Defendant's or Kaiser Foundation

PAGE 2 – OPINION AND ORDER

Hospital's financial resources is not permitted because it is not at issue and therefore irrelevant. However, if Defendant opens the door by introducing evidence of its finances or lack thereof, Plaintiff may renew this motion.

> 2. **Exclude any evidence of how Plaintiff's leave from work affected employee morale or stress levels**

DENIED. 29 C.F.R. pt. 1630 app. § 1630.15(d) only prohibits morale evidence that is not tied to "the ability of [other] employees to perform their jobs." The purpose of this rule is to avoid evidence that a hardship has been caused by "disruption to [an employer's] employees [that] were the result of those employees' fears or prejudices toward the individual's disability and not the result of the provision of the accommodation." *Id*. Defendant affirmed at oral argument that it is arguing that Plaintiff's leave from work caused other employees stress because it increased the workloads, not that it affected their morale because they were prejudiced towards Plaintiff's mental health disability.

**B. Defendant's Motions in Limine (ECF 49)**

**Stipulated Motions**

> 1. **Exclude all argument or reference to "the Golden Rule"**

GRANTED. Plaintiff does not object to this motion.

> 2. **Exclude all non-party lay witnesses from the courtroom during trial**

GRANTED. Plaintiff does not object to this motion.

> 3. **Exclude all evidence or argument of the termination of Plaintiff's co-worker**

GRANTED. Plaintiff does not object to this motion.

> 4. **Exclude evidence that was requested and not produced in discovery**

GRANTED IN PART. Plaintiff's response indicated that she was objecting to this motion to the extent that it was overbroad and excluded (1) evidence of Plaintiff's current earnings from a new

PAGE 3 – OPINION AND ORDER

job and (2) publicly available data from Kaiser Permanente's website about its operating revenue. ECF 63 at 2. The Court understands that Defendant does not object to evidence of Plaintiff's current earnings and will allow it to be introduced. As explained in reference to other motions, evidence of Kaiser Permanente's operating revenue, or other evidence of its finances, is excluded as irrelevant, confusing, and more prejudicial than probative.

**Contested Motions**

    **1. Exclude all opinion testimony from treating providers**

DENIED. Defendant withdrew this motion at the pretrial conference.

    **2. Exclude opinion testimony from any lay/fact witness**

DENIED. Defendant clarified at the pretrial conference that it only wishes to exclude lay opinion as to medical causation. While lay witnesses cannot opine as to medial causation, Plaintiff may testify as to her personal experiences and other lay witnesses can testify as to what they observed firsthand.

    **3. Prohibit testimony by any lay witness that Defendant's actions caused Plaintiff's alleged mental or emotional distress**

DENIED, for the same reasons as Defendant's Second Contested Motion. While lay witnesses cannot testify as to medical causation, they can testify about their firsthand observations.

    **4. Exclude all argument or reference to Kaiser Foundation Hospitals or Health Plan or its affiliates being the same or otherwise controlling entity of Northwest Permanente P.C.**

GRANTED IN PART and DENIED IN PART. Plaintiff cannot argue, suggest, or adduce evidence that Kaiser Foundation Hospitals or Health Plan or its affiliates controlled Defendant. However, Plaintiff can introduce evidence for the limited purpose of showing that Kaiser might have been able to provide assistance in filling her position during her leave of absence.

PAGE 4 – OPINION AND ORDER

5. **Exclude all argument or reference to "bullying" or a "hostile work environment"**

GRANTED IN PART and DENIED IN PART. Plaintiff conceded her hostile work environment claim and cannot now claim that Defendant created a hostile work environment. However, Plaintiff can adduce evidence of instances of perceived bullying or testify that she felt bullied as part of her retaliation claims.

6. **Exclude all argument or suggestion that the jury should "send a message" or serve as the "conscience of the community"**

GRANT. Plaintiff clarified in her response that she does not oppose this motion.

7. **Exclude evidence or argument that Plaintiff is entitled to any wage loss after March 2021**

DENIED. The jury may decide whether Plaintiff used reasonable efforts to mitigate her damages, including whether she acted reasonably in turning down a job offer in March 2021 because of a scheduled surgery that employer could not accommodate.

8. **Exclude evidence or argument related to Defendant's financial condition**

GRANTED, for the same reasons articulated for Plaintiff's First Contested Motion. Plaintiff may adduce evidence of Defendant's resources such as how many employees it has, how large the company is, and its ability to hire someone. Evidence of either Defendant's or Kaiser Foundation Hospital's financial resources is not permitted because it is not at issue and irrelevant. If Defendant opens the door by introducing evidence of its finances, Plaintiff may renew its motion. The Court further noted that such evidence might be admissible if the jury determines that Defendant should be liable for punitive damages during the punitive damages phase of the trial.

## CONCLUSION

The parties' motions in limine and other evidentiary matters raised in ECF 48 and ECF 49 are GRANTED IN PART and DENIED IN PART as set forth in this Opinion and Order and on the record at the hearing. As stated at the hearing, parties shall confer and submit a joint list of exhibits, including stipulated exhibits, by February 16, 2022 at noon. Additionally, parties shall confer about the issues with the jury instructions and verdict form raised at the hearing and submit revised versions by February 16, 2022 at noon.

**IT IS SO ORDERED**.

DATED this 11th day of February, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge