UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ANGELA SCHULTZ,<br>        Plaintiff,<br>v.<br>**NW PERMANENTE P.C., an Oregon limited liability company and abn NW PERMANENTE PHYSICIANS & SURGEONS P.C.**<br><br>        Defendants. | Case No. 3:20-CV-00626- IM<br><br>**VERDICT FORM** |

DATED this 25th day of February, 2022.

_____
Karin J. Immergut
United States District Judge

We, the jury, find:

## I. Disability-Related Claims

### A. Disability Discrimination (Count One)

1. Did Ms. Schultz prove by a preponderance of the evidence that she could perform the essential duties of her job either with or without accommodations?

    Answer:    Yes  X     No _____

*If you answered no, proceed to Question 6, and do not answer Questions 2, 3, 4, or 5. If you answered yes, proceed to Question 2.*

2. Did Ms. Schultz prove by a preponderance of the evidence that Northwest Permanente discriminated against her because of her disability or her perceived disability?

    Answer:    Yes  X     No _____

*Proceed to question 3.*

### B. Failure to Accommodate a Disability (Count Two)

3. Did Ms. Schultz prove by a preponderance of the evidence that her request(s) for accommodations were reasonable or that there was an alternative reasonable accommodation available?

    Answer:    Yes  X     No _____

*If you answered no, proceed to Question 6, and do not answer Questions 4, or 5. If you answered yes, proceed to Question 4.*

4. Did Ms. Schultz prove by a preponderance of the evidence that Northwest Permanente failed to make reasonable accommodation for her disability?

    Answer:    Yes  X     No _____

*If you answered no, proceed to question 6 and do not answer Questions 5. If you answered yes, proceed to Question 5.*

5. Did Northwest Permanente prove by a preponderance of the evidence that providing an accommodation for Ms. Schultz would have imposed an undue hardship on the

operation of its business?

Answer:     Yes_____    No__✓__

*Proceed to question 6.*

## C. Disability Retaliation (Count Three)

6. Did Ms. Schultz prove by a preponderance of the evidence that Northwest Permanente retaliated against her because she requested or utilized accommodations related to her disability?

   Answer:     Yes__✓__    No_____

*Proceed to Question 7.*

## II. Family Medical Leave Act (FMLA) Interference (Count Four)

7. Did Ms. Schultz prove by a preponderance of the evidence that her use of FMLA leave was a negative factor in Northwest Permanente's decision to take the following actions:

    a. To no longer allow Ms. Schultz to telecommute

    Answer:     Yes_____    No__✗__

    b. Place Ms. Schultz on a Work Development Plan

    Answer:     Yes_____    No__✗__

    c. Terminate Ms. Schultz's employment with Northwest Permanente

    Answer:     Yes__✗__    No_____

*Proceed to Question 8.*

## III. Wrongful Discharge (Count Five)

8. Did Ms. Schultz prove by a preponderance of the evidence that her use of protected leave was a substantial factor in Northwest Permanente's decision to terminate her?

   Answer:     Yes__✗__    No_____

*If you answered no to Question 2, 4, 6, and 7, your deliberations are complete. Proceed to the end of the form and have the foreperson sign and date the form. Do not answer the remaining Questions.*

*If you answered yes to Question 4 but yes to Question 5, and you answered no to Questions 6 and 7, your deliberations are complete. Proceed to the end of the form and have the foreperson sign and date the form. Do not answer the remaining Questions.*

*If you answered yes to Questions 2, 4, 6, 7, or 8 proceed to Question 9.*

### IV. Damages

9. What amount, if any, of economic loss did Ms. Schultz prove by a preponderance of the evidence that she sustained as a result of Northwest Permanente's actions?

    $ __87,000__

    *Proceed to Question 10.*

10. What amount, if any, of non-economic damages did Ms. Schultz prove by a preponderance of the evidence for her emotional distress from Northwest Permanente's actions?

    $ __150,000__

**You have completed your consideration of Plaintiff's claims. Please have the Presiding Juror sign and date the verdict.**

__2/25/22__
DATE