**Robert Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Michael Owens, OSB No. 104720**
mike@oregonworkplacelaw.com
**Sarah R. Osborn, OSB No. 222119**
sarah@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia Street, Suite 1850
Portland, OR 97204
Voice: 503.459.4010
Fax: 503.512.5022

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANGELA SCHULTZ**,<br><br>Plaintiff,<br><br>v.<br><br>**NW PERMANENTE P.C.,** an Oregon limited liability company and abn **NW PERMANENTE PHYSICIANS & SURGEONS, P.C.**,<br><br>Defendants | Case No. 3:20-cv-00626-IM<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST**<br><br>FRCP 54(d)(2) |

## LOCAL RULES CERTIFICATION

Pursuant to LR 7-1, Plaintiff's counsel certifies they have conferred in good faith with Defendant's counsel and that the parties were unable to reach agreement regarding the fees and costs to be awarded to Plaintiff. This brief also complies with the word count limitation under 7-

Page 1   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

2(b) and 54-1(e) because it contains less than 3,000 words. Plaintiff's counsel included headings, footnotes, and quotations in the word count.

## I. INTRODUCTION

Plaintiff moves for her attorneys' fees costs in this case as the prevailing party on her statutory disability discrimination claims under the ADA and Oregon law. As supported by the declarations of employment law attorneys submitted with this motion, Plaintiff's attorneys' fees and costs are reasonable as to time spent and rates charged. Plaintiff proactively reduced her attorneys' fees incurred solely for work on the claims she lost. As such, the remaining fees and costs should be awarded in full.

## II. CASE SUMMARY

**A. Plaintiff retains Meyer Stephenson after three other lawyers turn her case down**.

Ms. Schultz sought legal representation in connection with Defendant notifying her it planned to end her employment instead of providing additional leave as accommodation for her mental health disability. Schultz Dec. ¶ 2. Three other employment lawyers in the Portland area declined to take Ms. Schultz's case before Meyer Stephenson agreed to represent her on a contingency fee basis. *Id.* at ¶ 3. The only way she could afford to pursue this matter in court was through a contingency fee agreement. *Id*.

**B. Plaintiff attempts prelitigation settlement.**

Prior to filing this lawsuit, Plaintiff's counsel made multiple attempts to resolve this matter informally with Defendant, all of which were ignored. Meyer Dec. ¶ 22.

### C. The lawsuit.

On April 17, 2020, Plaintiff filed this action against Defendant Northwest Permanente, P.C. alleging disability discrimination under state and federal law, disability retaliation, medical leave retaliation and interference under state and federal law, and wrongful discharge. ECF 1.

### D. Defendant's partial motion to dismiss is denied.

Defendant continued to avoid settlement after the lawsuit was filed. On May 15, 2020, Defendant filed a partial motion to dismiss, which was denied in full on July 23, 2020. ECF 11.

### E. Discovery is document intensive.

The parties collectively produced over 7,500 documents, including voluminous mental health records and email correspondence. Meyer Dec. ¶ 25. Defendant produced over 6,700 documents, including extensive emails referring to Plaintiff sent between Defendant's numerous managers and Human Resources employees involved in the employment decisions. *Id.* Given the extensive documents, preparing for depositions and trial was time-consuming for Plaintiff's counsel. *Id.* at ¶ 16, 30.

### F. Plaintiff's reasonable settlement offers are rejected.

On February 8, 2021, the parties attended a settlement conference with Judge Beckerman, which ended with Plaintiff at $260,000 and Defendant at $45,000. *Id.* Plaintiff subsequently moved down $20,000 and offered to settle for $240,000 inclusive of fees. In response, Defendant increased its offer by only $1,000, to $46,000. Meyer Dec. ¶ 28. Unfortunately, this further stalled settlement.

### G. Defendant's summary judgment is denied except where conceded.

On October 15, 2021, Defendant filed a motion for summary judgment on all Plaintiff's claims. ECF 26. Plaintiff opposed the motion except conceded her disability hostile work environment theory and claims for OFLA/FMLA denial. ECF 29. On January 26, 2022, the Court

Page 3     **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

denied Defendant's motion for summary judgment except for the claims conceded by Plaintiff. ECF 47.

### H. After the summary judgment decision, Plaintiff offers to settle the case for well below the ultimate verdict

After the summary judgment decision, Plaintiff made a final offer to resolve the case for $125,000 inclusive of fees and costs, and informed defense counsel that Plaintiff's fees *alone* were far more than the total offer. *Id.* Defendant countered with a final offer valued at $94,000 inclusive of fees. *Id.* Although there were further discussions, this was as close as the parties would come to settlement.

### I. The trial and jury verdict.

The trial commenced on February 22, 2022 and took four days. The jury returned a verdict in favor of Plaintiff on all five counts tried to the jury: (1) disability discrimination, (2) failure to accommodate, (3) retaliation, (4) FMLA interference, and (5) wrongful discharge for use of FMLA. The jury awarded Plaintiff damages in the amount of $237,000, broken down as $87,000 in economic damages and $150,000 in non-economic damages. ECF 90. Plaintiff's OFLA and OSLA claims were tried to the Court, who found in Defendant's favor on both claims. ECF 114. The Court also found for directed verdict on Plaintiff's FMLA and wrongful discharge claims, setting aside the jury verdict on those claims. *Id.*

In its order, the Court noted that, "its findings do not overturn the jury's verdict in Plaintiff's favor on her disability discrimination, failure to accommodate, or disability retaliation claims." ECF 114. The jury awarded the $237,000 in damages on those claims. ECF 90.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST**

## II. Legal Argument

### A. Both the ADA and Oregon law authorize the requested award of attorneys' fees.

Plaintiff is entitled to recover her attorneys' fees and costs for prevailing on her state and federal disability discrimination claims. Oregon law mandates an award of attorneys' fees in this case.[1] Similarly, under the ADA, a court should award attorneys' fees and costs to a prevailing plaintiff unless special circumstances would render the award unjust.[2]

### B. The Lodestar.

Under the lodestar/multiplier approach adopted by the Ninth Circuit and Oregon courts, the court first calculates the number of hours reasonably spent on a case multiplied by a reasonable hourly rate to arrive at the "presumptively reasonable" lodestar amount.[3] The court may then adjust the lodestar based upon the factors set forth in *Kerr v. Screen Actors Guild, Inc*, discussed *infra*. 526 F.2d 67, 70 (9th Cir. 1975).[4] Similarly, Oregon courts may adjust the award based on the factors set forth in ORS 20.075, which are similar to the *Kerr*.

To determine the reasonable hourly rate, the Oregon District Court uses the latest Oregon State Bar Economic Survey as its initial starting point. LR 54-3(a) Attorneys may argue for higher rates based on inflation, specialty, and other factors. *Id.* Courts may also consider "the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases."[5] Using an attorney's established market rate at the time the fees are awarded is appropriate to account for the delay in compensation

---

[1] ORS 659A.885; ORS 20.107; *Hamlin v. Hampton Lumber Mills,* Inc., 205 P.3d 70, 72, 227 Or. App. 165 (Or. App. 2009)

[2] 42 U.S.C. § 12205; *Jankey v. Poop Deck,* 537 F.3d 1122, 1130 (9th Cir. 2008).

[3] *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996); *Strawn v. Farmers Ins. Co. of Or.,* 297 P.3d 439, 447-48 (Or. 2013).

[4] *Fischer v. SJB-P.D., Inc*., 214 F.3d 1115, 1119 (9th Cir. 2000).

[5] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008).

Page 5 **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

in contingency fee cases.[6]

C. **Plaintiff's counsel's rates are reasonable.**

1. **Robert Meyer**

Robert Meyer was lead attorney and tried the case. Mr. Meyer received his J.D. from the University of Oregon School of Law in 2004. He was admitted to the California Bar in 2005 and the Oregon Bar in 2008. He has spent most of his 17-year legal career specializing in employment litigation, representing clients in over 200 employment law cases in Oregon Courts. He has extensive trial experience as a former Oregon Deputy District Attorney and has first-chaired multiple employment discrimination trials in Oregon state and federal court and at arbitration. He has written on employment law for the Oregon Barbooks series and regularly presented CLEs on employment law. Meyer Dec. If anything, Mr. Meyer's rate of $450 per hour is *low* based on his years of experience specializing in employment law. Angeli Dec. ¶ 25.

According to the 2017 Oregon State Bar Economic Survey, which reported hourly rates for 2016 (thus the rates used are conservative as they are from six years ago and do not account for inflation), the rate of $450 per hour falls between the 75th and 95th percentile for Portland attorneys with between 16 and 20 years of practice. Meyer Dec. ¶13, Exhibit 3. Accounting for inflation, the 2016 rate captured by the OSB survey would be $555.19 per hour in 2022 dollars – well below Mr. Meyer's rate.

2. **Michael Owens**

Mr. Owens was responsible for written discovery, strategy, dispositive motion practice, and many of the pre-trial submissions. Mr. Owens has over 11 years of experience litigating employment discrimination claims. Based on the OSB 2017 Economic Survey, the average 2016

---

[6] *Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989).

Page 6   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

hourly rate for attorneys in 75th percentile with 10-12 years of experience is $340 per hour, which accounting for inflation is $419.48 – well below the requested $375/hour. Meyer Dec. ¶ 17. Mr. Owens has extensive experience in the ADA and successfully briefing oppositions to summary judgment in employment cases, further justifying his rate. *See* Meyer Dec.; Owens Dec.

### 3. Christina Stephenson

Christina Stephenson assisted with strategy, discovery, and the response to Defendant's motion for summary judgment. Ms. Stephenson is reasonable based on the OSB 2017 Survey plus inflation as she is in her 12th year specializing in employment law. She has exceptional expertise and knowledge in employment law. *See* Angeli Dec. ¶ 26. Her billing rate is low for an attorney based on her skills, reputation, and years of specializing in employment law. *See* Angeli Dec. ¶ 26.

### 4. Ashley Bannon Moore

Ashley Bannon-Moore was assigned to work on this case while working for Meyer Stephenson from approximately May of 2020 to June of 2021. During that time, Ms. Bannon-Moore handled the motion to dismiss response, settlement negotiations, communications with the client, and discovery. Ms. Bannon-Moore was admitted to the Oregon Bar in 2011 and has devoted a substantial portion of her career to representing clients in employment litigation. Prior to working for Meyer Stephenson, she worked at two plaintiff-side employment firms. *See* Meyer Dec.; Bannon Moore Dec. Her hourly rate on this matter of $375 per hour is reasonable for an employment specialist based on the OSB 2017 survey plus inflation, and further supported by her skills and experience in employment law. Baker Dec.

### 5. Sarah Osborn

Sarah Osborn, worked on this case as a law clerk and, more recently, as an attorney. Before she became a member of the Bar, Ms. Osborn's services as a law clerk were billed at $150 an hour. Ms. Osborn's hourly rate as an attorney is $250, which is reasonable based on her experience and consistent with the 2017 OSB Economic Survey accounting for inflation. Ms. Osborn's legal research and brief writing were critical to both Plaintiff's MSJ response and her post-verdict filings on the issues of the tax offset and interest. Ms. Osborn received her J.D. from the University of Oregon School of Law in 2021, was admitted to the Oregon State Bar earlier this year. In addition to the experience in employment law she has gained while at Meyer Stephenson, Ms. Osborn clerked for an Oregon District Court judge and another Oregon employment law firm during law school.

### 6. Stephanie Lopez -Paralegal

Stephanie Lopez is a certified paralegal since 2018 with over four years of law firm experience. She is a highly skilled paralegal and has worked for Meyer Stephenson since 2019 handling calendaring, subpoenas, discovery, and filings in employment litigation. *See* Meyer Dec. Her rate of $70 per hour is reasonable in this market for her skills and experience. *See* Angeli Dec.

**D. Time spent was reasonable and necessary.**

Plaintiff can satisfy her burden of showing her attorneys' hours spent on the case were reasonably necessary by submitting documentary evidence supporting the hours worked and fees claimed.[7] The billing records attached as **Exhibit 1** to the Meyer Declaration have been carefully reviewed and reasonable efforts have been made to exclude from this fee request fees that represent

---

[7] *Hensley*, 461 U.S. at 433; *U.S. v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015).

Page 8    **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

fees billed solely for claims that were dismissed. The exclusions are represented on the billing records with "0."

Plaintiff has excluded those billing entries that are solely attributable to the claims under OFLA, FMLA, and OSLA that she did not prevail upon. The remaining entries for which Plaintiff seeks recovery benefitted the case as a whole and therefore should be awarded. This is because Plaintiff's disability discrimination and retaliation claims that she prevailed upon were closely related to the FMLA, OFLA, and OSLA claims and relied upon a core set of facts and witness testimony. *Hensley*, 461 U.S. at 440. (A plaintiff cannot recover a fee for unrelated, unsuccessful claims, but "[w]here a lawsuit consists of related claims, a plaintiff who has won a substantial relief should not have [her] attorney's fee reduced simply because [she did not prevail on all claims.]"

### E. Attorney Fees for Preparation of this Motion

Plaintiff is also entitled to her attorney fees for preparation of this motion for fees and costs.[8] Plaintiff's instant motion includes fees incurred in preparing the motion to date. Plaintiff will seek any future fees and costs in a supplemental fee statement.

### F. Final Lodestar Calculation

Based upon the information above and in the billing records attached to the Declaration of Robert Meyer, the plaintiff requests the following fees for her attorneys and billable staff calculated as follows[9]:

---

[8] *Clark v. City of Los Angeles,* 803 F.2d 987 (9th Cir. 1986).

[9] The math does not add up when directly multiplying each person's hours by their rate because of time entries proactively zeroed out or discounted.

Page 9   **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

| Attorney | Rate | Hours | Fees |
|---|---|---|---|
| Robert Meyer | $450.00 | 573.7 | $236,265.00 |
| Michael Owens | $375.00 | 94.7 | $33,975.00 |
| Ashley Bannon Moore | $375.00 | 135.7 | $24,900.00 |
| Christina Stephenson | $400.00 | 11.6 | $4,640.00 |
| Sarah Osborn | $250.00 | 27.1 | $6,625.00 |
| Law Clerk | $150.00 | 44.8 | $4,142.00 |
| Paralegal | $70.00 | 31.4 | $2,198.00 |
| | | **Total** | **$312,745.00** |

**G. Enhanced fee.**

Plaintiff seeks an enhanced fee in this case of x1.75 of her total fees based on the following factors set forth in *Kerr* and ORS 20.075. Applying this multiplier to the above total fee amount equates to **$547,303.75**.

**1. Risk in contingency fee cases.**

Meyer Stephenson took Plaintiff's case on contingency fee after three other lawyers declined to take the case. *See* Schultz Dec. ¶ 2, 3. There was a substantial risk of receiving no fee at all, especially since the case was legally and factually complicated. Employment lawyers should be incentivized to assist Oregonians on contingency fee who are unlawfully terminated and otherwise can't access to the legal system to pursue their rights. The fee award should compensate counsel for the delay in payment and the risk of receiving no compensation at all under the contingency fee agreement.

**2. Difficulty of the legal questions and skill required.**

Plaintiff's case presented several difficult legal questions and concepts including establishing disability discrimination where there are performance issues caused by symptoms of a mental health disability and the complex interaction between employee's rights under the ADA

Page 10    **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

and FMLA. Effectively presenting this case to a jury required skills and experience in both substantive employment law and trial practice.

### 3. Amount Involved and Results Obtained

As detailed above, Defendant's highest settlement offer was $94,000 inclusive of fees. Plaintiff's counsel obtained a verdict of $237,000, plus subsequently obtained a tax offset and prejudgment interest totaling $261,191 *exclusive* of fees. Assuming the fees requested are granted, Plaintiff's total recovery would be over $560,000. As such, Plaintiff's counsel obtained a result at trial of over five times what could be attained by way of settlement.

### E. Nontaxable costs for expert witness fees.

In addition to her attorney fees, plaintiff also seeks recovery of non-taxable costs for expert witness fees in the amount of $5,937.50, which represents $4,037.50 in fees for Paul Torelli, Ph.D., to provide his opinions and testimony regarding Plaintiff's determination of an appropriate tax offset to account for her taxes from the verdict, and $1,900 in fees for expert Aaron Baker, who provided expert opinion in support of the fee petition. ORS 20.107; Meyer Dec. ¶ 35, 38; Baker Dec. ¶ 12.

A plaintiff who recovers under the ADA and Oregon law is entitled to recover their expert witness fees. *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (allowing recovery of expert witness fees to ADA plaintiff); *see also* ORS 20.107(a) (providing that, "the court shall award to the prevailing plaintiff…*expert witness fees* reasonably and necessarily incurred in connection with the discrimination claim.").

In addition, costs for special fee counsel on a fee petition are compensable. *Davis v. City and County of San Francisco*, 976 F2d 1536, 1544 (9th Cir 1992); see also *Bernardi v. Yeutter*, 951 F2d 971, 976 (9th Cir 1991).

Page 11    PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

### F. Taxable costs for specific items

In addition to the attorney time, and expert fees, Plaintiff seeks to recover costs of $10,492.68. These costs were necessary to the litigation and in large part consist of bills for transcripts of depositions and trial. *See* Meyer Dec. ¶ 36.

## CONCLUSION

Plaintiff respectfully requests an award of her attorneys' fees, including billable staff, in the amount of $547,303.75 ($312,745.00 with a 1.75 multiplier applied), non-taxable costs and expert fees in the amount of $5,937.50, and costs as detailed in Plaintiff's Bill of Costs and Memorandum in Support in the amount of $10,492.68.

Dated: July 7, 2022                                              MEYER STEPHENSON

*s/ Sarah Osborn*
Robert Meyer, OSB No. 086470
robert@oregonworkplacelaw.com
Sarah Osborn, OSB No. 222119
sarah@oregonworkplacelaw.com
*Of Attorneys for Plaintiff*

Page 12    **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES AND COSTS, AND POSTJUDGMENT INTEREST** on:

ALEXANDER H. HILL
alexander.hill@bullivant.com
Bullivant Houser, Attorneys
One SW Columbia Street, Suite 800
Portland, OR 97204

*Of Attorney for Defendants.*

- by the following indicated method or methods on the date set forth below:

    ☐ E-mail only per ORCP 9

    ☒ ECF/CM Electronic Service

    ☐ Fax Transmission.

    ☐ First-class mail, postage prepaid.

    ☐ Hand-delivery.

    ☐ Overnight courier, delivery prepaid.

DATED: July 7, 2022

MEYER STEPHENSON

*s/ Kevin King*
Kevin King, Legal Assistant

Of Attorneys for Plaintiff

Page 13    **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR ATTORNEY FEES, COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022