**Robert Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Michael Owens, OSB No. 104720**
mike@oregonworkplacelaw.com
**Sarah R. Osborn, OSB No. 222119**
sarah@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia Street, Suite 1850
Portland, OR 97204
Voice: 503.459.4010
Fax: 503.512.5022

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANGELA SCHULTZ**,<br><br>    Plaintiff,<br><br>v.<br><br>**NW PERMANENTE P.C.,** an Oregon limited liability company and abn **NW PERMANENTE PHYSICIANS & SURGEONS, P.C.**,<br><br>    Defendants | Case No. 3:20-cv-00626-IM<br><br>**DECLARATION OF ROBERT K. MEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, AND POSTJUDGMENT INTEREST**<br><br>**FRCP 54(d)(2)**<br><br>REQUEST FOR ORAL ARGUMENT |

I, Robert K. Meyer, declare as follows:

1. I am the lead attorney representing the plaintiff in this action. I make this declaration in support of Plaintiff's Motion for Attorney Fees and Costs, and Postjudgment Interest

**DECLARATION OF ROBERT K. MEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

FRCP 54(d)(2). This declaration is based upon my personal knowledge. I am competent to testify with respect to the matters set forth below.

2. I received my B.A. from U.C. Berkeley in 1998. I received my law degree from the University of Oregon School of Law in 2004. I was admitted to the California Bar in 2005 and the Oregon Bar in 2008.

3. For the past 17 years I have worked full time as a lawyer. I have spent most of my 17-year legal career specializing in employment litigation. I have represented clients in over 100 employment discrimination cases in Oregon District Court, many of which involved claims of disability discrimination, retaliation, and family leave interference under state and federal law. I have also represented clients in over 100 employment discrimination cases in Oregon Circuit Court, many of which involved claims of disability discrimination, retaliation, and family leave interference under state law. In addition to the over 200 employment litigation matters I've handled in Oregon, I have also successfully represented numerous clients in matters that resolved prior to litigation.

4. I started my own law firm in 2013 specializing in employment law, which merged to become Meyer Stephenson in 2018. I am currently a partner at Meyer Stephenson. My practice consists entirely of employment law cases, the vast majority of which is representing employees on contingency fee in employment discrimination cases.

5. Prior to starting my own firm, I worked at two national employment law firms, including the Portland, Oregon, office of Jackson Lewis, one of the largest employment law firms in the country. Attached as Exhibit 2 is a copy of my resume.

6. I have gained trial experience serving as a Deputy District Attorney in Curry County Oregon, where I tried numerous cases ranging from misdemeanors to Measure 11 crimes.

**DECLARATION OF ROBERT K. MEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

7. My trial experience extends to the area of employment discrimination. Including this case, I have first-chaired five civil jury trials in Oregon and two arbitrations, all of which involved claims of employment discrimination. The instant trial was the third case I have tried involving allegations of disability discrimination and family leave interference.

8. I regularly present to other lawyers on employment law topics. I have previously presented on two occasions to the Employment Law Section of the Oregon State Bar. In the past year, I have presented on employment law topics at the semi-annual retreat for the Workers Compensation Section of the Oregon State Bar and twice for the Employment Law Section of the Oregon Trial Lawyers Association.

9. I am the co-author of the employment law section of the Oregon State Barbook for Alternative Dispute Resolution.

10. I was recently asked by to write the chapter on employment law for the revised Oregon State Barbook on Oregon Workers' Compensation Law.

11. I was named a Super Lawyer in the area of Labor and Employment in 2021 and 2022. I also have a 10 rating on Avvo. Both require receiving positive references from my fellow Oregon lawyers.

12. The vast majority of our firm's cases are from referrals of other Oregon attorneys. Our firm is proud that our fellow Oregon attorneys trust us to represent their clients, friends, and family members in employment litigation. In fact, Ms. Schultz was referred to my office by a former colleague who I worked with on the defense side.

Page 3

DECLARATION OF ROBERT K. MEYER IN
SUPPORT OF PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND COSTS, AND
POSTJUDGMENT INTEREST

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

13. I am familiar with the market rates of attorneys engaged in the practice of employment litigation in Oregon, including those who represent plaintiffs and defendants. My rate of $450 per hour charged in this matter is reasonable for an attorney with my years of experience specializing in employment law. According to the 2017 Oregon State Bar Economic Survey, relevant excerpts attached here as Exhibit 3, which reported hourly rates for 2016 (thus the rates used are conservative as they are from six years ago and do not account for inflation), the rate of $450 per hour falls between the 75th and 95th percentile for Portland attorneys with between 16 and 20 years of practice and between the 75th and 95th percentile for attorneys representing individuals in civil litigation (excluding personal injury matters). As such, the $450 per hour was within the reasonable range for a Portland lawyer with my experience back in 2016 based on the 2017 OSB Economic Survey.

14. My rate of $450 per hour is even more reasonable taking into account inflation since 2016. For example, I used the CPI inflation calculator available at the website of the U.S. Bureau of Labor Statistics at https://www.bls.gov/data/inflation_calculator.htm. Based on this calculator, $450 in 2016 is $555.19 in 2022 dollars. Attached as Exhibit 4 is a screenshot of the data received from that site. As such, taking into account inflation, $450 per hour is extremely reasonable for a Portland lawyer with my specialized experience based on the 2016 data collected in the 2017 OSB Economic Survey.

15. The division of labor at our firm on this was cost effective and efficient. As I have the highest billing rate at the firm, by assigning many tasks in the case to other attorneys and paralegals with lower billing rates, we reduced our overall fees in the case.

Page 4

**DECLARATION OF ROBERT K. MEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

16. I was primarily responsible for communicating with the client, conducting depositions, developing trial strategy, preparing the witnesses for trial, and conducting the jury trial in this case.

17. One of the firm's other attorneys, Michael Owens, was responsible for written discovery, strategy, dispositive motion practice, and many of the pre-trial submissions. Mr. Owens has over 11 years of employment litigation experience and his billing rate for this matter is $375 per hour, which is between the 75th and 95th percentile from 2017 OSB Economic Survey adjusted for inflation ($419.48). Mr. Owens specialization further justifies his rate. Mr. Owens has substantial expertise in the substantive employment laws, especially the ADA. He also has extensive experience in writing briefs including numerous successful oppositions to summary judgment motions in employment discrimination cases. Our firm routinely relies upon Mr. Owens to lead our efforts in responding to summary judgment motions. The assistance he provided in this case was essential to achieving the end result.

18. Ashley Bannon-Moore is an attorney who was assigned to work on this case while she worked for our law firm from approximately May of 2020 to June of 2021. Ms. Bannon-Moore's rate as an attorney on this matter was $375, which is reasonable for her skills and experience level based on the 2017 OSB Economic Survey adjusted for inflation. During the time she worked on the case, Ms. Bannon-Moore handled the settlement conference, communications with the client and opposing counsel, discovery, and the motion to dismiss. Ms. Bannon-Moore was admitted to the Oregon Bar in 2011. She has devoted a substantial portion of her career to representing clients in employment litigation. Prior to working for Meyer Stephenson, she worked at two reputable plaintiff-side employment firms. She also worked at a large firm handling construction defect and employment law cases for both plaintiffs and defendants. She left Meyer

**DECLARATION OF ROBERT K. MEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

Stephenson in 2021 and is currently an employment attorney for Multnomah County handling employment litigation.

19. Christina Stephenson, also assisted with strategy and the response to Defendant's motion for summary judgment. Ms. Stephenson has over 12 years of experience practicing employment law and her rate is $400 per hour, which is reasonable based on her experience and the rates in the 2017 OSB Economic Survey accounting for inflation. She is extremely knowledgeable about the substantive employment law as well as federal civil procedure. Based on my experience, she is one of the most skilled employment litigators I've ever worked with. She has taken an active role in drafting many recent Oregon employment laws that have been passed by the legislature, and has an overall knowledge of Oregon law that is unparalleled in my view. Her brief writing and legal analysis are exceptional, and we have a long track record of successfully collaborating on employment law cases together. Her assistance was necessary to the case.

20. Sarah Osborn, worked on this case as a law clerk and, more recently, as an attorney. Ms. Osborn's legal research and brief writing were critical to both Plaintiff's MSJ response and her post-verdict filings on the issues of the tax offset and interest. (Ms. Osborn was taking the bar at the time of the trial so unfortunately was unable to assist with the trial). Ms. Osborn is an attorney recently admitted to practice in Oregon and the United States District Court of Oregon. She received her Juris Doctorate from the University of Oregon School of Law and was admitted to the Oregon State Bar earlier this year. She has worked with my firm since 2021, initially as a law clerk. Prior to our firm, Ms. Osborn worked as a clerk at another employment law firm while in law school. She has received numerous honors including a regional public interest award in 2021. Before she became a member of the Bar, Ms. Osborn's services as a law clerk were billed

DECLARATION OF ROBERT K. MEYER IN
SUPPORT OF PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND COSTS, AND
POSTJUDGMENT INTEREST

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

at $150 an hour. Ms. Osborn's hourly rate as an attorney is $250, which is reasonable based on 2017 OSB Economic Survey for attorneys with her experience accounting for inflation.

21. Stephanie Lopez is one of the firm's paralegals. She has worked as a paralegal since 2018. She became a certified paralegal in June of 2018. She is a highly skilled paralegal and has worked for our firm since 2019 handling calendaring, discovery, filings, intake, research, and billings. Since starting at our firm, she has spent all her time on employment law matters, mostly in litigation. She has expertise on the FRCP, Oregon District Court Local Rules, and generally about federal litigation practice. She assisted with calendaring, discovery including extensive preparation of document production, filing, editing, preparing exhibits, and other tasks associated with this case.

22. Prior to filing this lawsuit, I made multiple attempts to resolve this matter informally with Defendant, all of which were ignored. I sent a draft of the lawsuit and a demand letter to Defendant's registered agent and to Defendant's corporate counsel, but Defendant did not respond.

23. On April 17, 2020, my firm filed this action on behalf of Ms. Schultz against Defendant Northwest Permanente, P.C.

24. On May 15, 2020, before Defendant responded to Ms. Schultz's settlement offers, Defendant filed a partial motion to dismiss Counts 4 through 8 (OFLA, OSLA, Wrongful Discharge), Count 10 (FMLA), and Plaintiff's claim for punitive damages under the ADA. Defendant's motion was denied in full on July 23, 2020.

25. Based on my experience, this was a document intensive case with over 7,500 documents collectively produced by the parties, including voluminous mental health records and email correspondence. Defendant alone produced over 6,700 documents, including extensive

Page 7

**DECLARATION OF ROBERT K. MEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

emails referring to Plaintiff sent between Defendant's numerous managers and Human Resources employees involved in the decision making related to Plaintiff's employment.

26. On February 8, 2021, I attended a judicial settlement conference with Judge Beckerman. The case could not be settled and ended with Ms. Schultz at $260,000 and Defendant at $45,000.

27. On July 15, 2021, I reached out to Defendant in an attempt to restart negotiations following the unsuccessful settlement conference. I communicated that Ms. Schultz moved down $20,000 from her prior offer and agreed to accept $240,000 inclusive of fees to settle the case. Considering my client's recovery at trial and post-verdict relief was $261,191 exclusive of fees, Ms. Schultz's offer at that point was a reasonable amount for which to resolve the case.

28. Approximately one week later, Defendant communicated to me that it rejected Ms. Schultz's offer and countered by increasing its earlier offer a mere $1,000, to $46,000.

29. There were further settlement discussions between Defendant's counsel and I after the summary judgment decision and prior to trial. After several offers were shuttled back and forth, both Defendant's counsel and I arrived at their final numbers. On February 1, 2022, I communicated Ms. Schultz's "best and final" offer to resolve the case for $125,000 inclusive of fees and costs. I told defense counsel that this was an extremely reasonable offer considering that, at the time, my firm's attorneys' fees alone far exceeded that amount. Later that day, Defendant's counsel countered with a final offer of $85,000 inclusive of fees plus offered to forgive a debt of $8,000 to $9,000 that Ms. Schultz owed to KaiPerm, the credit union operated by Kaiser.

30. On February 17, 2022, Defendant's counsel made a settlement offer of $90,000 inclusive of fees (this offer was all cash). At that point, at the eve of trial, Ms. Schultz's attorneys' fees had again increased substantially. I communicated that Ms. Schultz would accept $230,000

**DECLARATION OF ROBERT K. MEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

at that point to resolve the matter inclusive of fees. Defendant rejected this offer and refused to counter – instead it "formally withdrew" its earlier offer.

33. My firm maintains detailed daily time records for all clients, including those cases we accept on contingency fee. Those records are regularly inputted by the attorneys and paralegals into MyCase, an online legal billing and case management software that our firm uses.

32. Attached as Exhibit 1 is a detailed summary of the services provided, time required and costs incurred in this litigation by my firm. Exhibit 1 contains the relevant services provided by Ms. Stephenson, Mr. Owens, Ms. Bannon-Moore, Ms. Osborn, Ms. Lopez, and me. Ms. Osborn and I diligently reviewed the detailed billing records to confirm that the requested fees were reasonable and indicated with a zero sum, i.e. 0.00, those entries that were for time spent on the claims that were dismissed by the court, to wit: the OSLA, OFLA, FMLA, and Wrongful Discharge claims. As the claims at issue in the motion to dismiss were all ultimately dismissed by the court or found in favor of defendant, we did not charge for the substantial hours spent successfully opposing the motion to dismiss. For several of the time entries related to our motion for post-judgment relief in which we had failed to distinguish between the matters prevailed upon (interest and tax offset) from the matters not prevailed on (liquidated damages), we reduced the amount of each bill by 1/3 to reflect the portion of that motion related to liquidated damages.

33. Plaintiff seeks to recover fees of $312,745.00 for the firm's attorneys and billable staff, which include the time invested by the attorneys and paralegals at their reasonable hourly rates. This is not unreasonable in light of the complexity of this case. The lodestar calculation of attorney fees, including billable staff, is as follows[1]:

---

[1] The math will not add up when directly multiplying each person's hours by their rate because several of the time entries were zeroed out and/or discounted in an effort to be reasonable in our requested fees for time spent on the claims that were dismissed by the court.

**DECLARATION OF ROBERT K. MEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

| Attorney | Rate | Hours | Fees |
|---|---|---|---|
| Robert Meyer | $450.00 | 573.7 | $236,265.00 |
| Michael Owens | $375.00 | 94.7 | $33,975.00 |
| Ashley Bannon Moore | $375.00 | 135.7 | $24,900.00 |
| Christina Stephenson | $400.00 | 11.6 | $4,640.00 |
| Sarah Osborn | $250.00 | 27.1 | $6,625.00 |
| Law Clerk | $150.00 | 44.8 | $4,142.00 |
| Paralegal | $70.00 | 31.4 | $2,198.00 |
| | | **Total** | $312,745.00 |

34. Plaintiff seeks an enhanced fee in this case of **x1.75** of her total fees. Applying this multiplier to the above total fee amount equates to **$547,303.75.**

35. In addition to the attorney time, our firm seeks litigation costs for the expert witnesses retained for this case. My firm regularly bills clients for retained experts as a litigation expense that is separate from our attorney time and clients are expected to pay expert costs regardless of case outcome. I am familiar with the prevailing practice in the Portland community regarding retaining experts and it is the practice that firms separately bill clients for expert expenses.

36. My firm retained expert Paul Torelli Ph.D., to provide his opinions and testimony regarding Plaintiff's determine an appropriate tax offset to account for her taxes from the verdict, along with calculating prejudgment and postjudgment interest. As the Court awarded the tax offset, Dr. Torelli's time should be recoverable as costs. Attached as Exhibit 5 are true and correct copies of invoices for Dr. Torelli's expert report and declaration. We are seeking to recover $4,037.50 for Dr. Torelli's fees.

**DECLARATION OF ROBERT K. MEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

37. Plaintiff seeks to recover of $1,900 for expert Aaron Baker, who provided expert opinion in support of the fee petition. ORS 20.107; Baker Dec. ¶ 12.

38. In addition to the attorney time, and expert fees, Plaintiff seeks to recover costs of $10,492.68. These costs were necessary to the litigation and in large part consist of bills for transcripts of depositions and trial. Attached as Exhibit 6 is a full breakdown of these costs. These are also found in Plaintiff's Bill of Costs and Memorandum in Support.

39. Plaintiff also seeks to recover an award of post-judgment interest, which is calculated on the full award amount of $261,191 based on the rate prescribed in 28 U.S.C. §1961 (i.e., the prejudgment rate of 2.34%). As mentioned in paragraph 35, my firm retained Paul Torelli Ph.D., to provide his opinion and testimony to calculating appropriate post-verdict relief. Attached as Exhibit 7, page 6, is a breakdown of projected postjudgment interest on a monthly basis for up to two years following the date of judgment.

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to the penalty for perjury.**

Dated: July 7, 2022

*s/ Robert Meyer*
Robert Meyer, OSB No. 086470
robert@oregonworkplacelaw.com

*Of Attorneys for Plaintiff*

**DECLARATION OF ROBERT K. MEYER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, AND POSTJUDGMENT INTEREST**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022