

Dr. Paul Torelli
Quantitative Social Science
200 First Ave W, Suite 308
Seattle, WA 98119

Mr. Robert Meyer
Meyer Stephenson
1 SW Columbia Street, Suite 1850
Portland, OR 97204

June 14th, 2022

# *Updated* Adverse Federal Income Tax Consequences, Prejudgment Interest & Postjudgment Interest: Angela Schultz[1]

Dear Mr. Meyer:

You have requested an *updated* economic evaluation of: (A) prejudgment interest; (B) postjudgment interest; and (C) the adverse Federal income tax consequences associated with the jury verdict recently granted to Ms. Angela Schultz on 2/25/2022.

As you will recall, I previously submitted such calculations in a report dated 3/30/2022.

**Recent Court Opinion**

I understand that the Court ruled on 6/9/2022 that:

> "Plaintiff's motion for tax offset, prejudgment interest, and reconsideration of a liquidated damages award, ECF [97] is GRANTED IN PART and DENIED IN PART. This Court GRANTS the motion for tax offset and prejudgment interest, to be calculated in accordance with Dr. Torelli's first interpretation, see ECF [100-1] at 24. Parties are ORDERED to confer and submit a joint status report within fourteen days recalculating the tax offset and prejudgment interest according to Plaintiff's proper tax filing status; if the parties do not agree on the proper amount, their respective calculations must appear in a single filing."

In this updated report, I will calculate Ms. Schultz's tax offset based upon my first interpretation from my 3/30/2022 report.

---

[1] Schultz v. Northwest Permanente, U.S. District Court, District of Oregon, Portland Division, Case No. 3:20-CV-00626-IM.



**New Information**

Last week I received jointly-filed Form 1040 tax returns for Ms. Angela Schultz and her husband, Mr. Paul Schultz, for the years 2020 and 2021.[2]

- The Schultz's 2020 tax returns show taxable income of $88,083.

- The Schultz's 2021 tax returns show taxable income of $83,464.

In addition, following her February 2020 termination, Angela Schultz received unemployment compensation in 2020 and 2021:

- The Schultz's 2020 tax returns show that Angela received unemployment compensation of $38,015 in 2020.

- The Schultz's 2021 tax returns show that Angela received unemployment compensation of $32,580 in 2021.

In the but-for scenario, Ms. Schultz would *not* have received unemployment compensation in 2020 and 2021.[3]

**Updated Tax Consequences: Interpretation #1**

Under my first interpretation,[4] I assumed that the $87,000 economic loss verdict can be apportioned over 10 months of 2020 and 12 months of 2021, so that:

- The 2020 lost salary earnings equal (10/22) * $87,000 = $39,545.

- The 2021 lost salary earnings equal (12/22) * $87,000 = $47,455.

In the but-for scenario in 2020, the Schultz's taxable income net of her unemployment compensation would have come to $88,083 - $38,015 = $50,068.

The Federal income tax burden on her lost 2020 earnings of $39,545 would come to 12% * ($80,250 - $50,068) + 22% * ($39,545 - ($80,250 - $50,068)) = $5,682.

---

[2] When I submitted my initial report dated 3/30/2022, I did not know that Ms. Angela Schultz was married, and I did not have her 2020 and 2021 Form 1040 tax returns either.
[3] By contrast, in the actual scenario, Ms. Schultz paid federal income tax on her unemployment compensation income at the 12% marginal rate.
[4] See my initial report dated 3/30/2022.



In the but-for scenario in 2021, the Schultz's taxable income net of her unemployment compensation would have come to $83,464 - $32,580 = $50,884.

The Federal income tax burden on her lost 2021 earnings of $47,455 would come to 12% * ($81,050 - $50,884) + 22% * ($47,455 - ($81,050 - $50,884)) = $7,424.

Consequently, in the but-for scenario, the Federal income tax burden on her lost 2020-2021 earnings equals $5,682 + $7,424 = $13,106.

By contrast, in the <u>actual scenario</u>, in 2022, she receives the $87,000 economic loss award in a lump-sum and pays Federal income taxes on it.

I assume that the Schultz's taxable income in 2022 will be equal to their average taxable income in 2020 and 2021 of ($88,083 + $83,464) / 2 = $85,774.[5]

Now, including the non-economic damages award of $150,000, their taxable income in 2022 would equal $150,000 + $85,774 = $235,774, which means the economic loss award would be taxed at the 24% marginal rate.

Under the 24% marginal rate, her actual Federal income tax burden on her $87,000 economic loss award comes to 24% * $87,000 = $20,880.

Therefore, the additional Federal income tax burden she faces by receiving the $87,000 as a lump-sum in 2022 as opposed to receiving it as taxable earnings in 2020 and 2021 is equal to $20,880 - $13,106 = **$7,774**.

---

[5] Alternatively, I understand that in 2022, Mr. Paul Schultz is expected to earn approximately $65,000 and Ms. Angela Schultz is expected to earn approximately $40,000, for a combined income of $105,000. Net of the standard deduction of $25,900, their expected 2022 taxable income would come to $105,000 - $25,900 = $79,100, which is in line with their average taxable income during 2020-2021 as shown on the tax returns.



Receiving the full award of $237,000 as a lump-sum in 2022 would put Ms. Schultz into the 24% tax bracket. Therefore, a tax consequences award of $7,774 is subject to *additional taxes* at the 24% Federal marginal rate. The following calculations employ an iterative procedure to determine the additional funds that would be required to compensate Ms. Schultz for taxes on the initial tax consequences award of $7,774:[6]

| Award | Rate | Taxes Paid on Award |
|---|---|---|
| $7,774.00 | 24% | $1,865.76 |
| $1,865.76 | 24% | $447.78 |
| $447.78 | 24% | $107.47 |
| $107.47 | 24% | $25.79 |
| $25.79 | 24% | $6.19 |
| $6.19 | 24% | $1.49 |
| $1.49 | 24% | $0.36 |
|  | Total: | $2,454.83 |

The total additional compensation associated with such taxes equals **$2,455**.

Under the first interpretation of the economic loss verdict of $87,000, Ms. Schultz would need to be compensated a total of $7,774 + $2,455 = **$10,229** for adverse Federal income tax consequences.

---

[6] See Barry Ben-Zion, "Neutralizing the Adverse Tax Consequences of a Lump-Sum Award in Employment Cases," *Journal of Forensic Economics*, 13(3), 2000.

Page 4

Exhibit 7                Page 4 of 7



**Updated Prejudgment Interest: Interpretation #1**

I understand that prejudgment interest on the economic loss award is calculated at the rate prescribed in 28 U.S.C. § 1961 ("a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment").

I understand that the final judgment has not been entered yet. For this reason, I will calculate the prejudgment interest rate based on the most recent data available, which covers the week of June 6, 2022. According to Federal Reserve data,[7] the prejudgment interest rate (calculated from data covering the week of June 6, 2022) is 2.34%.

Under the first interpretation of the $87,000 economic loss award, the award is spread evenly over the 22 months from March 2020 through December 2021. Prejudgment interest (PJI) is calculated below:

| Month | Lost Salary | PJI |
|---|---|---|
| Mar-20 | $3,954.55 | $187.24 |
| Apr-20 | $3,954.55 | $179.26 |
| May-20 | $3,954.55 | $171.30 |
| Jun-20 | $3,954.55 | $163.36 |
| Jul-20 | $3,954.55 | $155.43 |
| Aug-20 | $3,954.55 | $147.51 |
| Sep-20 | $3,954.55 | $139.61 |
| Oct-20 | $3,954.55 | $131.73 |
| Nov-20 | $3,954.55 | $123.86 |
| Dec-20 | $3,954.55 | $116.01 |
| Jan-21 | $3,954.55 | $108.17 |
| Feb-21 | $3,954.55 | $100.34 |
| Mar-21 | $3,954.55 | $92.54 |
| Apr-21 | $3,954.55 | $84.74 |
| May-21 | $3,954.55 | $76.96 |
| Jun-21 | $3,954.55 | $69.20 |
| Jul-21 | $3,954.55 | $61.45 |
| Aug-21 | $3,954.55 | $53.72 |
| Sep-21 | $3,954.55 | $46.00 |
| Oct-21 | $3,954.55 | $38.30 |
| Nov-21 | $3,954.55 | $30.61 |
| Dec-21 | $3,954.55 | $22.93 |
| **Total:** | **$87,000.00** | **$2,300.28** |

---

[7] See https://fred.stlouisfed.org/series/DGS1.



Based on the calculations in the table above, the prejudgment interest equals **$2,300** under the first interpretation.

**Updated Postjudgment Interest**

I understand that postjudgment interest is calculated at the rate prescribed in 28 U.S.C. § 1961 (i.e. the prejudgment rate of 2.34%). Postjudgment interest is calculated on the full award amount, which is $237,000.

The table below projects postjudgment interest on a monthly basis for up to two years following the date of judgment:

| Months | Postjudgment Interest |
|---|---|
| 1 | $457 |
| 2 | $915 |
| 3 | $1,374 |
| 4 | $1,834 |
| 5 | $2,295 |
| 6 | $2,757 |
| 7 | $3,219 |
| 8 | $3,683 |
| 9 | $4,147 |
| 10 | $4,613 |
| 11 | $5,079 |
| 12 | $5,546 |
| 13 | $6,014 |
| 14 | $6,483 |
| 15 | $6,952 |
| 16 | $7,423 |
| 17 | $7,895 |
| 18 | $8,367 |
| 19 | $8,841 |
| 20 | $9,315 |
| 21 | $9,790 |
| 22 | $10,266 |
| 23 | $10,743 |
| 24 | $11,221 |

(The proper postjudgment interest period is a legal matter and therefore I do not have an opinion on the proper postjudgment interest period.)



**Conclusion**

I have calculated the adverse Federal income tax consequences arising from Ms. Angela Schultz's recent jury verdict under the first interpretation which I presented in my in initial 3/30/2022 report. My updated calculations indicate:

- The tax consequences amount to $10,229.

- Prejudgment interest equals $2,300.

- Postjudgment interest depends on the time period under consideration.

Under the (hypothetical) assumption that 1 year of postjudgment interest will be warranted, the table below summarizes my calculations:

|  | Interpretation #1 |
|---|---|
| Federal Income Tax Consequences | $10,229 |
| Prejudgment Interest | $2,300 |
| 1 Year of Postjudgment Interest | $5,546 |
| Total | $18,075 |

If there are any questions, I can be reached by telephone at (206) 384-7072 or via email at torelli@quantitativesocialscience.com.

Dr. Paul A. Torelli
Quantitative Social Science LLC
Seattle, Washington
June 14th, 2022

Page 7

Exhibit 7                                                                 Page 7 of 7